PEOPLE v KOSECKI

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—CONSTI-
    TUTIONAL RIGHTS.

    A defendant who was allowed to withdraw his plea of guilty at
    the time set for sentencing and who later the same day chose
    to have the plea reinstated was not prejudiced by the court's
    acceptance of the plea without a recital to the defendant of the
    constitutional rights being waived by the offer of the plea
    where the defendant was fully advised of his rights at the first
    plea-taking proceeding two weeks earlier, defendant's counsel
    stated that he had gone over those rights several times with
    the defendant and was satisfied that the defendant understood
    all of those rights, and the reason given at the time of with-
    drawal of the plea did not indicate that the defendant had pled
    in ignorance of his rights.·

2. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—CONSTITU-
    TIONAL RIGHTS.

    The issue, on an appeal from a plea of guilty in which the
    defendant alleges that he was not properly informed of his
    rights at the plea-taking proceeding, is whether it appears on
    the record that the defendant was informed of such constitu-
    tional rights and incidents of a trial as reasonably to warrant
    the conclusion that he understood what a trial is and that by
    pleading guilty he was knowingly and voluntarily giving up his
    right to a trial and such rights and incidents.

Appeal from Arenac, Carl L. Horn, J. Submitted
November 15, 1976, at Detroit. (Docket No. 24255.)
Decided January 6, 1977.

Donald J. Kosecki was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
    Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.
[2] 5 Am Jur 2d, Appeal and Error § 867.

guilty, of entering without breaking with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Norman H. Ehrnst,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Unit), for the people.

*Alton T. Davis,* for defendant on appeal.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

PER CURIAM. On March 7, 1975, defendant pled guilty to entering without breaking. MCLA 750.111; MSA 28.306. At the plea taking, he was fully advised of his constitutional rights as required by GCR 1963, 785.7. Sentencing was set for March 21, 1975. On the morning of March 21, 1975, the court allowed defendant to withdraw his plea. His counsel had suggested to defendant that he withdraw his plea because counsel had doubts that a factual basis was established at the original plea taking. Specifically, counsel doubted whether defendant's responses at the plea taking showed that defendant entered the building with the intent to commit a larceny inside. Defendant, with counsel, appeared again before the court on the afternoon of March 21, 1975. His counsel informed the court that defendant wanted his plea of guilty reinstated.

We quote from the record made of the proceedings on the afternoon of March 21, 1975:

"*Mr. Ralph (defense counsel):* Mr. Kosecki has con-

tacted me again today from the jail and has indicated he did not understand that part of it. I explained it to him and he told me that he did have the intent to steal prior to the shots being fired and prior to the killing of the dog. Based upon that, he would like the court to reinstate his plea of guilty to count two.

"I have gone over his rights with him a number of times regarding his right to trial, and so forth, and what he wants to do now is to tell the court on the record he did intend to steal before going into the building and to plead guilty to the charge.

"*The Court:* You heard what your lawyer just told me. Is that correct?

"*Defendant Kosecki:* Yes, sir.

"*The Court:* Now, you tell me what happened after you shot the dog.

"*Defendant Kosecki:* After I shot the dog, Toner took the gun and placed it in the trunk of the car. At this time, I had intended to steal snow tires and I put them back. I was going to—you know—but Toner entered. I was going to take the snow tires which I needed and I was going to take them for my own use.

"*The Court:* So, then you intended to steal. Then, what did you do?

"*Defendant Kosecki:* Well, after I shot the dog, I entered the building to take them and—you know—a tool box and other items and the cops came in before I could proceed.

"*The Court:* Did you have any right to do that?

"*Defendant Kosecki:* Yes—no.

"*The Court:* Let's go over that again. Did you have any right to do that?

"*Defendant Kosecki:* No.

"*The Court:* And you know it was wrong to do that?

"*Defendant Kosecki:* It was.

"*The Court:* Just to make sure, Mr. Kosecki, you did intend to take the tires and a tool box before you went into the building; is that correct?

"*Defendant Kosecki:* Yes, before I entered.

"*The Court:* Before you shot the dog, you had intended to go in the building; is that correct?

"*Defendant Kosecki:* Yes, I had the intention of going in.

"*The Court:* Now then, at this time, are you asking the court to accept your plea of guilty to count two, which is entering without breaking?

"*Defendant Kosecki:* Yes, I am.

"*The Court:* The maximum punishment you could receive for conviction of this offense is five years confinement and you are still asking that I accept your plea?

"*Defendant Kosecki:* Yes.

"*The Court:* Mr. Ralph, as his attorney, are you satisfied with the factual basis for this plea?

"*Mr. Ralph:* Yes, I am satisfied and I am also satisfied that he understands all of his constitutional rights as recited to him previously at the entry of the plea of guilty.

"*The Court:* Mr. Kosecki, you have been here on more than one occasion today. In looking at you right now, is this what you want to do?

"*Defendant Kosecki:* Yeah."

The court then accepted defendant's guilty plea and, using the presentence report prepared after his earlier plea on March 7, 1975, sentenced defendant to 2-1/2 to 5 years imprisonment. Defendant appeals his conviction and sentence.

Defendant contends that the failure of the court to inform him of the constitutional rights waived by his plea, before accepting the plea on March 21, 1975, renders invalid his plea-based conviction. We disagree.

In the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), the Supreme Court discussed the importance of former GCR 1963, 785.7(1)(d). The Court stated:

"The purpose of subsection (d) is to assure that the defendant is informed, and thus to enable the judge to determine that the defendant understands, that his

plea waives his constitutional right to a trial. To that end, the defendant is to be apprised of some of the rights and incidents of a trial.

"Subdivision (d)

"(i) states that the trial may be by jury or by the court,

"(ii) speaks of the people's burden of proof at a trial,

"(iii) refers to the rights to confront and question and to have compulsory production of witnesses, and

"(iv) speaks of the Fifth Amendment privilege to remain silent and the defendant's due process right to testify. * * *

"All the rights mentioned are of constitutional magnitude except the statutory right to trial by the court. (MCLA 763.4; MSA 28.857.) Three of them have been given preeminent importance. In *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972), decided after *Boykin v Alabama*, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), this Court held that a plea of guilty is constitutionally defective and the conviction must be set aside if the defendant is not advised of his rights to have a jury trial, to confront his accusers, and to remain silent." 395 Mich at 120–121.

Defendant admits and the record confirms that the court, at the March 7 plea taking, fully informed defendant of the *Jaworski* rights he waived by his plea. While the court did not again go through the rights waived before accepting defendant's retendered plea, defendant's counsel stated, with defendant's agreement, that he had gone over these rights a number of times with defendant. Counsel later told the court that he was satisfied that defendant understood all of his constitutional rights that had previously been recited to him.

It was a period of only two weeks between the original plea and the retender of the same plea. The withdrawal of the original plea was sought on the day set for sentencing because of counsel's doubts about the factual basis supporting the plea.

There was no indication that defendant offered his original plea in ignorance of its consequences. Under the standard for factual basis set forth in the *Guilty Plea Cases, supra,* a sufficient factual basis was established when the original plea was made. When a plea is withdrawn on the day of sentencing, for a reason that does not indicate that defendant pled in ignorance of his *Jaworski* rights, and retendered the same day, it is not absolutely necessary that the subsequent plea be preceded by a recital of the *Jaworski* rights.

"On appeal the issue is whether it appears on the record that the defendant was informed of such constitutional rights and incidents of a trial as reasonably to warrant the conclusion that he understood what a trial is and that by pleading guilty he was knowingly and voluntarily giving up his right to a trial and such rights and incidents." *Guilty Plea Cases, supra,* 395 Mich at 122.

We are convinced that defendant retendered his original plea in full awareness of his *Jaworski* rights and their waiver by his plea.

Affirmed.