PEOPLE v WOODS

Docket No. 60983. Submitted May 5, 1982, at Lansing.—Decided August 26, 1982.

Anthony Woods pled guilty in Jackson Circuit Court to a charge of unarmed robbery and was sentenced, Charles J. Falahee, J. Prior to the sentencing hearing, defendant filed a motion to withdraw his plea of guilty. The trial court denied the motion. Defendant appeals, contending that the trial court abused its discretion in denying the motion to withdraw. He requests a remand to the trial court for an evidentiary hearing regarding the nature of his motion to withdraw his plea. *Held:*

The trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. The record strongly suggests that defendant was employing the motion to withdraw as a dilatory tactic.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — MOTION TO WITHDRAW PLEA — DILATORY TACTICS.

A trial court did not abuse its discretion in denying a defendant's motion to withdraw his plea of guilty where the defendant was apparently employing the motion to withdraw as a dilatory tactic.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 501.

Before: R. M. Maher, P.J., and Bronson and R. J. Snow,* JJ.

Per Curiam. Defendant pled guilty to unarmed robbery, MCL 750.530; MSA 28.798, and was sentenced to from 10 to 15 years in prison. He appeals as of right.

Prior to the sentencing hearing, defendant moved to withdraw his plea in the following manner:

"Comes now the defendant, Anthony Woods, through his court appointed counsel, Douglas L. Williams, and moves this Honorable Court to allow the defendant to withdraw his plea and further requests a trial by jury for the following reasons:

"1. That the defendant previously had entered a plea of guilty to unarmed robbery in this court and cause.

"2. That since that time, defendant has had time to further consider this matter and now wishes to withdraw his plea of guilty to unarmed robbery and proceed to trial on the armed robbery charge."

The trial court denied the motion.

On appeal, defendant contends that the trial court abused its discretion in denying the motion to withdraw his plea and requests a remand to the trial court for an evidentiary hearing regarding the nature of his motion to withdraw his plea.

We observe that at no time did defendant assert that he was innocent. Nor was defendant's motion, as appellate counsel now contends, "tantamount to an assertion of involuntariness and misunderstanding". Rather, defendant simply indicated that he had changed his mind. Were such an assertion sufficient, then withdrawal of a guilty plea would

---

* Circuit judge, sitting on the Court of Appeals by assignment.

be essentially a matter of right, rather than a matter of discretion.

The record shows that defendant waited until the day before trial, after out-of-state witnesses had been brought in, before he decided to enter a plea of guilty. When defendant filed his motion to withdraw his plea, he also filed a motion to dismiss his court-appointed counsel and a motion to disqualify the trial judge. This Court is extremely reluctant to reverse where the record strongly suggests that the defendant was employing a motion to withdraw as a dilatory tactic.

We hold that even under the "great liberality" standard, see *People v Lewandowski*, 394 Mich 529; 232 NW2d 173 (1975), the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea.

Affirmed.