PEOPLE v WILKENS

Docket Nos. 72673, 76022. Submitted September 7, 1984, at Lansing.
—Decided December 18, 1984.

Robert L. Wilkens was convicted on his pleas of guilty of first-
degree criminal sexual conduct and of carrying a concealed
weapon, Washtenaw Circuit Court, Ross W. Campbell, J. Prior
to sentencing the circuit judge offered to allow the defendant to
withdraw his guilty pleas, believing that he was required to do
so under the Supreme Court's just-issued opinion in *People v
Killebrew*, 416 Mich 189 (1982). The pleas were withdrawn
upon defendant's request. Subsequently the court granted the
prosecutor's motion to reinstate the pleas based upon the
Supreme Court's order modifying the retroactive effect of the
*Killebrew* opinion. The defendant was thereafter sentenced and
appealed his convictions, raising several issues. *Held:*

1. Reinstatement of the guilty pleas was proper in this case.
The court had allowed withdrawal of the pleas on the mistaken
belief that the *Killebrew* decision required it. Under the Su-
preme Court's subsequent order, however, *Killebrew's* effect
was limited specifically to cases wherein a guilty plea was
accepted after January 11, 1983. Because the case precedent
upon which withdrawal had been allowed, *i.e., Killebrew,* had
been changed, the court was empowered to reinstate the pleas.

2. The trial court did not abuse its discretion in denying
defendant's motion to withdraw the pleas once they had been

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 504.
Right to withdraw guilty plea in state criminal proceeding where
court refuses to grant concession contemplated by plea bargain.
66 ALR3d 902.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 501, 502.
[4] 46 Am Jur 2d, Judges § 222.
[5] 46 Am Jur 2d, Judges § 181.
[6] 21 Am Jur 2d, Criminal Law § 489.
[7] 21 Am Jur 2d, Criminal Law § 490.
Plea of guilty as waiver of claim or unlawful search and seizure. 20
ALR3d 724.
[8] 5 Am Jur 2d, Appeal and Error §§ 545, 571.

reinstated. Defendant did not assert his innocence nor make any showing of prejudice or of improper acceptance of his pleas.

3. The trial judge did not err by failing to disqualify himself after having allowed defendant to withdraw his pleas. The record shows no prejudice or bias, and the fact that the judge had previously heard the defendant proffer a factual basis for the charges against him did not impose a duty upon the judge to raise *sua sponte* the issue of his disqualification.

4. The defendant's testimony, in itself, was sufficient to establish a factual basis for the plea to the concealed weapon charge.

5. Defendant's guilty plea waived the issue of the allegedly unlawful search which revealed the concealed weapon.

6. Defendant's failure to raise in the lower court the defense of legal possession of the firearm waives the right to raise the defense as an issue for purposes of appeal. Furthermore, there was no showing that defendant could fall within the statutory exception to the concealed weapon provision, thus his attorney's failure to raise that defense did not deny defendant the effective assistance of counsel.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF GUILTY PLEA.

The rule that a defendant must be given the opportunity to withdraw a guilty plea if the trial court rejected the sentence recommended by the prosecutor or if the trial court participated in discussions aimed at reaching a plea agreement applies to cases in which the guilty pleas were accepted after January 11, 1983.

2. CRIMINAL LAW — GUILTY PLEAS — REINSTATEMENT OF GUILTY PLEA.

A trial court properly reinstated a defendant's guilty plea where the defendant had been allowed to withdraw his plea based on the mutually mistaken belief that the court was required to allow withdrawal and where the Supreme Court specifically ordered nonretroactivity of the case upon which the trial court relied in granting withdrawal (GCR 1963, 528.3[5]).

3. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF GUILTY PLEA.

A defendant has no right to withdraw a guilty plea once it has been accepted; however, a request to withdraw a plea, offered prior to sentencing, should be treated with great liberality and, where a defense of innocence is asserted and the request is not obviously frivolous, the request should be granted.

4. CRIMINAL LAW — DISQUALIFICATION OF JUDGE.

A conviction will not be reversed on the ground that the trial judge should have disqualified himself unless the record shows actual bias or prejudice.

5. CRIMINAL LAW — DISQUALIFICATION OF JUDGE.

The fact that a trial judge has previously heard a defendant, at a plea proceeding, proffer a factual basis for the charge of which he is ultimately convicted does not impose upon the judge the duty to raise *sua sponte* the question of the judge's disqualification.

6. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

A factual basis for a guilty plea may be established solely on the admissions made by the defendant at the plea proceeding.

7. CRIMINAL LAW — GUILTY PLEAS — SEARCHES AND SEIZURES.

A plea of guilty to the offense charged waives the issue of unlawful search and seizure.

8. CRIMINAL LAW — DEFENSES — PRESERVING QUESTION.

Failure of a defendant to raise a valid defense to a criminal charge in either the district or circuit court waives the right to raise that defense as an issue for purposes of appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn Eisenbraun,* Assistant Prosecuting Attorney, for the people.

*Ellis B. Freatman, III,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. This case involves two appeals from the withdrawal and reinstatement of defendant's pleas of guilty to first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), and to carrying a concealed weapon, MCL 750.227; MSA 28.424. Defendant was sentenced to 12 to 20 years for the criminal sexual

* Retired Court of Appeals Judge, sitting on the Court of Appeals by assignment.

conduct conviction, from which he appeals as of right. Defendant was sentenced to 1-1/2 to 5 years for the weapon conviction, from which he appeals by leave granted.

Defendant was charged with criminal sexual conduct, first degree, for raping a woman in her home in Ann Arbor on July 15, 1982. After being bound over, he was released on bond. While out on bond, he was arrested and charged with carrying a pistol in his vehicle, MCL 750.227; MSA 28.424, after two officers spotted him carrying two uncased shotguns inside the back window of his truck and, after stopping him, found a .22-caliber magnum revolver in the passenger compartment of the truck. The victim of the July 15 rape realized it must also have been defendant who raped her on June 11, 1982, under similar circumstances, breaking into her house around 3 a.m., awakening her and raping her at knife-point. Thus, defendant was additionally charged with first-degree criminal sexual conduct for the June 11, 1982, incident. He also had an unrelated breaking and entering charge pending against him.

As of December 10, 1982, defendant had at least four actions pending against him in Washtenaw County courts. On that day, defendant pled guilty as charged to the July 15 rape, and the June 11 rape charge was dropped. The prosecutor was allowed to amend the information on the original weapon charge to include carrying a concealed weapon on the person. Defendant pled guilty to carrying a concealed weapon on his person, and the charge of carrying a weapon in a motor vehicle was dismissed, as was the breaking and entering charge.

On January 11, 1983, the Supreme Court released its opinion in *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), ruling that a defendant

must be given the opportunity to withdraw a guilty plea if the trial court rejected the sentence recommended by the prosecutor or if the trial court participated in discussions aimed at reaching a plea agreement. At the end of its opinion, the Court ruled that *Killebrew* should be applied:

"(1) to all future trial court decisions where the defendant moves the sentencing court to vacate the sentence and withdraw the plea; (2) to all appeals or applications for leave to appeal filed prior to the date of this opinion where the issue is properly raised; and (3) to the two instant cases." 416 Mich 212.

On February 18, 1983, the Supreme Court issued the following order, clarifying the retroactivity of the ruling in *Killebrew* (and its companion case, *People v Briggs):*

"On further consideration we have determined that the rules announced in *People v Killebrew* and *People v Briggs* are to be applied only to those two cases and to cases in which guilty pleas have been accepted after the January 11, 1983 release of the opinion in *People v Killebrew* and *People v Briggs.*" 416 Mich 216.

Defendant's guilty pleas had been accepted prior to *Killebrew,* but he had not yet been sentenced. On February 18, 1983, the date set for sentencing, the Washtenaw County Circuit Court judge offered to allow defendant to withdraw his plea, believing that he was required to do so under *Killebrew:*

"The court cannot be bound by its prior sentence agreement in any way, and I do feel, since I know that many cases are what we call pre-*Killebrew* cases and the defendant has taken some position, that is, offered a plea, that he has moved in detrimental reliance on whatever that was, I feel that I morally cannot sentence any harsher than I may have agreed to do earlier

without allowing the defendant to set aside his plea voluntarily on my part, but first, you would have the right, under the *Killebrew* case, to set aside your plea in this instance and—in any event—and secondly, the nature of the agreement was such that I don't want you to feel I am bound in any way under it."

At defense attorney's request, court was adjourned to allow defendant to decide whether to withdraw his pleas.

At a hearing held on February 22, 1983, defendant indicated that he wished to withdraw his pleas. He also requested that the charges pending against him be assigned to a different judge. Both the prosecutor and the court repeated their beliefs that defendant had a right to withdraw his plea under *Killebrew,* still unaware of the Supreme Court's modification of *Killebrew's* application. The judge denied defendant's motion to disqualify him, without prejudice to defendant's filing a formal written motion to disqualify.

On March 21, 1983, the prosecutor filed a motion to reinstate defendant's guilty pleas based on the Supreme Court's order of February 18, 1983, modifying *Killebrew's* retroactive application. Hearing on the motion was held April 1, 1983. Defense counsel stated that defendant did not want his pleas reinstated, asserting that defendant wished "to effectuate" his right to trial by jury. The court replied that it had erred in allowing defendant to set aside his plea. The court could see no reason not to correct the error by reinstating the pleas, since there was no showing that defendant's rights had been prejudiced in any way, there was no detrimental reliance by defendant, nor any consideration for setting aside the plea. The reason it felt bound under *Killebrew* to permit defendant to withdraw his plea was that the court had promised defendant that it would abide by the

presentence report recommendation, unless it recommended less than 15 years. The court explained that now it could not be bound in any way to promises of sentence. The pleas were thus reinstated.

Defendant argues on appeal that, once a guilty plea is withdrawn, it is a nullity and there is nothing to reinstate. The cases on which he relies in support of this proposition, however, *Kercheval v United States,* 274 US 220; 47 S Ct 582; 71 L Ed 1009 (1927); *People v Street,* 288 Mich 406; 284 NW 926 (1939), and *People v George,* 69 Mich App 403; 245 NW2d 65 (1976), involved use of a withdrawn guilty plea as substantive evidence of defendant's guilt or for impeachment of defendant's assertion of innocence at a subsequent trial. Reinstatement of the plea was not at issue. To the contrary, in *People v Kosecki,* 73 Mich App 293; 251 NW2d 283 (1977), this Court approved reinstatement of defendant's guilty plea after defendant had withdrawn it. Similarly, in *United States v Farrah,* 715 F2d 1097 (CA 6, 1983), *cert den* — US —; 104 S Ct 2343; 80 L Ed 2d 817 (1984), the Sixth Circuit approved reinstatement of a Michigan defendant's guilty plea, which the court had permitted defendant to withdraw under the mistaken belief that defendant had been misled as to the length of incarceration. The Court adopted the reasoning of *United States v Jerry,* 487 F2d 600 (CA 3, 1973), which also upheld reinstatement of a guilty plea where the court determined that, although the Federal Rules of Criminal Procedure did not specifically provide for modifying or setting aside an order entered through mistake, it had always been within the court's power to grant relief from orders entered erroneously, as long as that power was exercised in justice and good conscience.

Michigan court rules provide in GCR 1963, 528.3:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake * * * (5) * * * a prior judgment upon which it is based has been reversed or otherwise vacated, * * *."

In this case, permission to withdraw the guilty pleas was granted under the mutually mistaken belief that the court was required under Killebrew to do so. The "judgment" on which this determination was based, Killebrew, was not technically reversed or otherwise vacated. Nevertheless, GCR 1963, 528.3(5) applies to this case because the Supreme Court's order of February 22, 1983, specifically and completely invalidated the retroactivity of Killebrew assumed by the parties in this case, even though Killebrew itself had not been reversed or vacated. The judge did not err in reinstating the pleas in this case.

Defendant contends that the judge also erred in denying his motion to withdraw the pleas once they were reinstated. There is no right to withdraw a guilty plea once it is accepted. *People v Hale,* 99 Mich App 177, 180; 297 NW2d 609 (1980). However, such requests to withdraw a plea, when offered prior to sentencing, are to be treated with great liberality. *People v Sanders,* 112 Mich App 585, 586; 316 NW2d 266 (1982), *lv den* 413 Mich 917 (1982). Where a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before sentencing, the request should be granted. *People v Paulus,* 121 Mich App 445, 450; 328 NW2d 659 (1982), *lv den* 417 Mich 1025 (1983).

Defendant in this case did not assert his innocence when he moved to withdraw his pleas nor does he assert his innocence on appeal. He has not indicated that he would be prejudiced by reinstatement of the pleas or that original acceptance of the pleas was improper. Defendant states that he has a right to jury trial; however, he was specifically informed of this right, and waived it, at the original plea-taking. Were an assertion that defendant had changed his mind sufficient, withdrawal of a guilty plea would be essentially a matter of right, rather than a matter of discretion. *People v Woods,* 119 Mich App 129; 326 NW2d 138 (1982). We do not find that the judge abused his discretion in denying the motion to withdraw the pleas.

Defendant contends that the judge erred in not disqualifying himself after permitting defendant to withdraw his pleas, having heard defendant give a factual basis for the offenses to which he was pleading. Defendant never filed a motion to disqualify, as required under GCR 1963, 912.3, to raise the issue. Defendant argues that the judge should have disqualified himself *sua sponte.* The record must show actual bias or prejudice before a conviction will be reversed on the ground that the trial judge should have disqualified himself. *People v Paulus, supra,* p 450; *People v Elmore,* 92 Mich App 678, 681; 285 NW2d 417 (1979). The record in this case discloses no actual bias or prejudice. The Supreme Court has ruled that the fact that a trial judge had previously heard the defendant proffer a factual basis for the charge of which he was ultimately convicted does not impose upon a trial judge the duty to raise *sua sponte* the question of his disqualification. *People v Cocuzza,* 413 Mich 78, 83; 318 NW2d 465 (1982).

The other issues defendant raises on appeal relate solely to the concealed weapon conviction.

Defendant first argues that there was not a sufficient factual basis for the plea to be accepted, because the arresting officer testified at the preliminary examination that he found no weapon on defendant's person. The police officer's testimony was that he found the revolver in the passenger compartment of defendant's truck. A factual basis for a guilty plea may be established solely on the admissions made by the defendant at the plea proceeding. *People v Tilliard,* 98 Mich App 17, 19; 296 NW2d 180 (1980). At the December 10 plea-taking proceeding, defendant testified that at the time of his arrest he had a pistol in his jacket. This is sufficient to support defendant's plea. Even if the police officer's testimony had been brought up at the plea proceeding, it would not have justified rejecting defendant's plea since a jury still could have found defendant guilty beyond a reasonable doubt from his own admissions.

Defendant contends the handgun should have been suppressed because it was obtained via an illegal search. Because defendant pled guilty, we find the unlawful search and seizure issue to have been waived. *People v Kline,* 113 Mich App 733, 735; 318 NW2d 510 (1982). Moreover, the search and seizure were not unconstitutional. *People v Myshock,* 116 Mich App 72; 321 NW2d 849 (1982).

Defendant's contention that his possession of a firearm was legal is without merit. Defendant waived the issue by failing to raise it at the district court or circuit court levels. *People v Snell,* 118 Mich App 750, 758; 325 NW2d 563 (1982). Moreover, defendant has failed to allege how he could fall within the statutory exception which permits a person to carry a pistol legally if it is in a wrapper or container, the person possesses a valid Michigan hunting license, and is enroute to a hunting area. MCL 750.231a; MSA 28.428(1).

There has been no indication that defendant possessed a valid hunting license. The gun was not in a wrapper, and was accessible to the occupants of the vehicle, contrary to the statute. For these reasons, defendant's contention on appeal that he was denied the effective assistance of counsel because his attorney failed to raise this defense is without merit. *People v Saxton,* 118 Mich App 681, 693; 325 NW2d 795 (1982), *lv den* 414 Mich 931 (1982).

Affirmed.