# District of Columbia
# Court of Appeals

No. 15-CF-214

MICHAEL T. MARSHALL,

Appellant,

FILED

AUG 25 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

**CF1-17177-12**

UNITED STATES,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE: FISHER and BLACKBURNE-RIGSBY, *Associate Judges*; and NEBEKER, *Senior Judge*.

## J U D G M E N T

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment of conviction is affirmed

.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: August 25, 2016.

Opinion by Senior Judge Frank Q. Nebeker.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CF-214

FILED  8/25/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

MICHAEL T. MARSHALL, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF1-17177-12)

(Hon. Rhonda Reid Winston, Trial Judge)

(Argued May 10, 2016                    Decided August 25, 2016)

*Daniel S. Harawa*, Public Defender Service, with whom *James Klein* and *Jonathan W. Anderson*, Public Defender Service, were on the brief, for appellant.

*Sharon A. Sprague*, Assistant United States Attorney, with whom *Channing D. Phillips*, United States Attorney, and *Elizabeth Trosman*, *Elizabeth H. Danello*, and *Richard DiZinno*, Assistant United States Attorneys, were on the brief, for appellee.

Before FISHER and BLACKBURNE-RIGSBY, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*: This case presents an appeal from a trial court's reconsideration of a prematurely granted order allowing appellant to withdraw his original valid plea of guilty (before sentence). The withdrawal motion was filed

nearly two months after the plea was entered. The trial court judge granted withdrawal without the benefit of an evidentiary hearing to enquire into the basis for the motion. The trial court judge granted the government's subsequent motion to reconsider and hold a hearing. It then vacated the order granting the withdrawal, reinstated the guilty plea and imposed sentence. The guilty plea was for a negotiated sentence to second-degree murder while armed on an indictment for first-degree murder. The appellant now asserts that the grant of withdrawal was irrevocable. The court rejects that contention and adopts the Third Circuit's reasoning in *United States v. Jerry*, 487 F2d. 600, 604-05 (3d Cir. 1973), with an acknowledgment that the general jurisdiction of the Superior Court as compared to the limited jurisdiction of the Article III district court makes no difference to the inherent power of our trial court. Accordingly, the judgment of conviction is *affirmed*.[1]

**I.**

---

[1] Appellant does not argue that the trial court abused discretion in reviewing the facts and applying the law when it reconsidered its original order. He does contend the court did not apply the correct law.

On entering his plea of guilty to second-degree murder—a lesser included offense of the indicted charge of first-degree murder—appellant affirmed that he was pleading guilty of his own free will, and not as the result of any coercion. The trial court ensured he understood that if he decided to plead not guilty, the government would be required to prove his guilt with legally competent evidence, which he would be entitled to challenge with the aid of counsel, and set forth his own evidence and a defense, if he so chose. The trial court also explained that he would be entitled to all of his constitutional privileges, as well as the right to seek appellate review before this court. Appellant stated that he understood his rights and still desired to plead guilty.

The government proffered that had the case gone to trial, it would have presented evidence that on October 17, 2011, appellant shot the victim at least thirteen times with a .40 caliber Glock pistol—that was soon recovered at his girlfriend's grandmother's house—and fled the scene. Appellant agreed that all of these facts were true, and pleaded guilty to the charge of second-degree murder while armed. The trial court accepted his plea and set the case for sentencing.

Ten days before sentencing, appellant filed the motion to withdraw his guilty plea. In it, he did not contest the sufficiency of the Rule 11 inquiry, but made a

bare-bone assertion of innocence. On June 19, 2014, the government opposed appellant's motion, principally arguing (1) that he failed to set forth any facts that would constitute a defense to the charge to which he already pleaded guilty, and (2) that his nearly two months of delay in moving to withdraw his plea should inure to his detriment in the trial court's consideration of the motion. On June 20, 2014, after hearing argument on the motion, but without conducting a factual inquiry, the trial court took the motion under advisement. On June 25, 2014, the trial court ruled in appellant's favor and informed the parties it believed it would be fair to allow appellant to withdraw his plea.

On July 31, 2014, the government moved for reconsideration of the order allowing appellant to withdraw his guilty plea and asked the court, at a minimum, to order an evidentiary hearing. On August 15, 2014, the trial court held a status hearing on that motion where the government proffered that it discovered a series of recorded jailhouse phone calls, many made before the motion to withdraw the guilty plea, wherein appellant stated he had learned that one of the principal witnesses against him was dead.[2] On that basis, the government reiterated its

---

[2] In a written motion, and at oral argument on that motion, appellant argued that he also claimed to be innocent of the charges in other jailhouse phone calls. The trial court acknowledged these claims of innocence, but did not credit them in its ultimate ruling. *See also Austin v. United States*, 356 A.2d 648, 649 (D.C.

(continued…)

request for an evidentiary hearing. Appellant's objection was that "the Government [already] had a chance to respond."

On November 24, 2014, the trial court informed counsel:

> it appears to the Court that the Court did not focus sufficiently on this, whether or not the defendant had asserted actual innocence. And so what I'm inclined to do is to schedule an evidentiary hearing for the defendant to assert – or so the Court can weigh his claim of legal innocence.

The trial court held an evidentiary hearing on January 9 and 23, 2015. On February 4, 2015, it delivered its reconsidered ruling denying appellant's request to withdraw his original plea. It analyzed several factors including the timing of, and basis for, the withdrawal, possible prejudice to the government, the competence of counsel, and whether withdrawal of the plea was "fair and just" under the circumstances.[3] The trial court found that: (1) this case was heavily litigated

---

(…continued)
1976) (trial court permitted to disbelieve claim of factual innocence in motion to withdraw guilty plea).

[3] *White v. United States*, 863 A.2d 839 (D.C. 2004); *Bennett v. United States*, 726 A.2d 156 (D.C. 1999); *Springs v. United States*, 614 A.2d 1 (D.C. 1992); *Gooding v. United States*, 529 A.2d 301 (D.C. 1987).

(continued…)

before appellant elected to plead guilty; (2) that appellant waited several weeks before moving to withdraw his guilty plea; (3) that the content of the May 2014 jailhouse calls revealed he did so only after learning a key witness against him was dead; (4) that an earlier April 2014 jailhouse call—made before appellant learned of the witness's death—showed he originally pleaded guilty to gain a reduced sentence from first degree murder; and (5) that he readily admitted culpability during the Rule 11 inquiry, which he did not recant in his original motion to withdraw the plea or after the trial court granted reconsideration of that order. On this basis, the trial court concluded appellant was attempting to manipulate the court system and that it would not be fair and just to permit him to withdraw from his original plea. The trial court then reinstated his guilty plea and sentenced appellant, in accordance with his original plea agreement, to 168 months' (fourteen years) confinement to be followed by five years of supervised release.

This timely appeal follows.

**II.**

---

(…continued)

Whether a trial court has the authority to reconsider an order granting a criminal defendant's motion to withdraw from a guilty plea and then reinstate that plea is a matter of first impression before this court. Appellant argues the trial court lacked the authority to reconsider its previous order granting withdrawal, and that precedent binding on this court compels us to conclude that the order permitting the withdrawal of appellant's guilty plea was irrevocable. The government, on the other hand, argues the order was interlocutory and subject to reconsideration so long as the trial court had jurisdiction over appellant's case, which it had. The government additionally argues that our review is limited to plain error since appellant failed to raise this argument in the trial court.[4] We find it unnecessary to conclude that the plain error test applies because, even if the question had been presented to the trial court, we are persuaded that the rationale of the *Jerry* decision has the better of the alternative arguments respecting the inherent power of a trial court.

Our analysis begins with the District of Columbia Rules of Criminal Procedure, which "are closely modeled on the structure and substance of the

---

[4] *Lowery v. United States*, 3 A.3d 1169, 1172-73 (D.C. 2010) (describing plain error review) (citing *Simmons v. United States*, 940 A.2d 1014, 1022 (D.C. 2008) (non-constitutional error); *Moore v. United States*, 927 A.2d 1040, 1060-61 (D.C. 2007) (constitutional error)).

Federal Rules of Criminal Procedure [wherein] Rules 1-60 are identical to the Federal Rules[.]" Super. Ct. Crim. R., General Note (Repl. 2012). Moreover, D.C. Code § 11-946 (Repl. 2012) provides that:

> [t]he Superior Court shall conduct its business according to . . . the Federal Rules of Criminal Procedure . . . unless it prescribes or adopts rules which modify those Rules. Rules which modify the Federal Rules shall be submitted for the approval of the District of Columbia Court of Appeals, and they shall not take effect until approved by that court.

Consistent with this mandate, "'[w]e construe rules that are substantially similar to the corresponding federal rule in light of the meaning given to the federal rule.'" *Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 543 (D.C. 2011) (following Supreme Court interpretation of Fed. R. Civ. Proc. 8 (a) when interpreting Super. Ct. Civ. R. 8 (a)) (quoting *Behradrezaee v. Dashtara*, 910 A.2d 349, 356 n.8 (D.C. 2006) (citing *Taylor v. Washington Hosp. Ctr.*, 407 A.2d 585 (D.C. 1979))).

Appellant argues the trial court's decision to reconsider its order granting his motion to withdraw was "extra-legal[,]" because Super. Ct. Crim. R. 11 & 32 (e)

do not specifically authorize reconsideration.[5]  But in *United States v. Jerry, supra*, the U.S. Court of Appeals for the Third Circuit ruled that the district court was authorized to reconsider an initial order granting appellant's motion to withdraw from his guilty plea based on the inherent authority of the courts to reconsider interlocutory rulings in cases *sub judice*.[6]  *Id*. at 604-05.  The court determined that this power was based on common law principles regarding the district court's ability to modify or vacate interlocutory orders, *id*. at 604 (citing *United States v. Benz*, 282 U.S. 304 (1931); *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82 (1922)), and derived statutory support from Fed. R. Crim. Proc. 57 (b), which it determined gave the district courts the power to proceed in the absence of a specifically delineated procedure.  *Id*.; *compare* Fed. R. Crim. Proc. 57 (b),[7] *with*

---

[5]   The District's Rules of Criminal Procedure were recently modified: Super. Ct. Crim. R. 32 (e) is now part of R. 11.

[6]   In *United States v. Jerry*, the Third Circuit Court of Appeals took up the question of the District Court's ability to reconsider its order granting withdrawal of a guilty plea *sua sponte*.  487 F.2d 600, 604 n.7 (3d Cir. 1973).

[7]   Fed. R. Crim. Proc. 57 (b) provides, in pertinent part:  "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."  *See also Holmes v. United States*, 363 F.2d 281, 283 (D.C. Cir. 1966) ("The power of courts to control the order of criminal trial and submission of issues to the jury has its roots in the common law, and is in no way inconsistent with the Federal Rules of Criminal Procedure.").

Super. Ct. Crim. R. 57 (b).[8] Thus *Jerry* held that "so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so."[9] *Id.* at 605 (citations omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-50 (1991) (discussing the inherent authority of district court to manage affairs to achieve orderly disposition of cases) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)) (cited with approval in *Bredhoft v. Alexander*, 686 A.2d 586, 589 (D.C. 1996) (discussing inherent authority of Superior Court to impose sanctions)).

Though several state appellate courts have declined to adopt *Jerry*'s rationale on the basis of state law,[10] other courts—both state and federal—have

---

[8] D.C. Super. Ct. Crim. R. 57 (b) provides, in pertinent part: "The court may regulate practice in any manner consistent with applicable law and these rules."

[9] Appellant does not contend that the Superior Court lacked jurisdiction over the charges following its order allowing him to withdraw from his guilty plea, and D.C. Code § 11-923 (2012 Repl.) provides: "the Superior Court has jurisdiction of any criminal case under any law applicable exclusively to the District of Columbia."

[10] *See, e.g.*, *State v. York*, 252 S.W.3d 245, 248 (Mo. Ct. App. 2008) (no basis in Missouri law for trial court to reconsider order granting defendant's motion to withdraw from guilty plea); *State v. Vasquez*, 918 So. 2d 1016, 1017 (Fla. Ct. App. 2006) (same under Florida law); *Turner v. Commonwealth*, 10 S.W.3d 136, 139 (Ky. Ct. App. 1999) (same under Kentucky law); *State v. Beechum*, 934 P.2d 151, 153 (Kan. Ct. App. 1997) (same under Kansas law);

(continued…)

embraced it to address the very issue with which we are now faced. *See, e.g.*, *United States v. Chant*, 201 F.3d 445 (9th Cir. 1999) (unpublished) (citing *Jerry* in holding that court has authority to vacate earlier order allowing withdrawal of plea); *United States v. Farrah*, 715 F.2d 1097, 1099 (6th Cir. 1983) (per curiam), *cert. denied*, 466 U.S. 971 (1984) (adopting *Jerry* to affirm district court's reconsideration of order granting motion to withdraw guilty plea, and then reinstate original guilty plea, while also analogizing to district court's ability to rescind orders dismissing full indictments and individual charges) (citing *United States v. Green*, 414 F.2d 1174 (D.C. Cir. 1969)); *State v. Riggins*, 2016 WL 3610599 (2016) (citing *Jerry* to conclude that court's reconsideration of order to withdraw guilty plea not violation of constitutional rights); *People v. Wilkens*, 362 N.W.2d 862, 865 (Mich. Ct. App. 1984).

In considering the *Jerry* approach, we must note that the inherent powers of the Superior Court are different than those of a federal district court. *Francis v. United States*, 715 A.2d 894, 901 (D.C. 1998) (unlike the federal district courts

---

(…continued)

*People v. McGee*, 232 Cal. Rptr. 528, 530-31 (Cal. App. 1991) (same under California law); *People v. Franco*, 557 N.Y.S.2d 7, 8 (N.Y. App. Div. 1990) (no basis in New York law to set aside plea without defendant's consent absent fraud) (citations omitted); *but see People v. Wilkens*, 362 N.W.2d 862, 865-66 (Mich. Ct. App. 1984) (finding basis in Michigan law to reconsider order allowing defendant to withdraw from guilty plea).

Superior Court is one of general jurisdiction invested with "full panoply of inherent powers possessed by common law courts") (citations omitted). We have held, however, that trial judges in Superior Court are free to rely on their inherent powers where superseding procedural rules and constitutional restraints are absent. *Siddiq v. Ostheimer*, 718 A.2d 145, 148 (D.C. 1998) (inherent power remains where rules are silent and there exists no constitutional bar) (citing *Francis*, *supra*, 715 A.2d at 901 & n.20). Likewise, we have noted that while there are no procedural rules (civil or criminal) that allow for reconsideration of interlocutory orders, nothing prevents a trial court from doing so while it exercises plenary jurisdiction over a case. *See Williams v. Vel Rey Props*., 699 A.2d 416, 419 (D.C. 1997) (citations omitted); *see also Jenkins v. Parker*, 428 A.2d 367, 368 (D.C. 1981) (per curiam) (citing *Moyer v. Moyer*, 134 A.2d 649, 650 (D.C. 1957) (interlocutory orders do not terminate litigation between parties)) (additional citations omitted). Thus, consistent with the Third Circuit's treatment of Fed. R. Crim. Proc. 57 (b), which is "substantially identical"[11] to Super. Ct. Crim. R. 57 (b), *Potomac Dev. Corp.*, *supra*, 28 A.3d at 543; D.C. Code § 11-946, we discern no procedural restraint to the trial court's reconsideration of its earlier improvident

---

[11]  Super. Ct. Crim. R. 57 (b) (comment).

order, so long as it was, in fact, interlocutory, and reconsideration was "consonant with justice[.]" *Jerry*, *supra*, 487 F.2d at 604 & 605.[12]

Next, we disagree with appellant's argument that *Kercheval v. United States*, 274 U.S. 220 (1927), and *Heim v. United States*, 47 App. D.C. 485 (1918), constitutionally barred the trial court from reconsidering it's initial order allowing appellant to withdraw from his guilty plea. Those cases stand for the proposition that, once withdrawn, neither the fact of an earlier guilty plea, nor statements made during the Rule 11 colloquy, can be used as evidence against a criminal defendant in a subsequent trial on the merits. *Kercheval*, *supra*, 274 U.S. at 223-25 (citing *Heim*, *supra*, 47 App. D.C. at 492-93). But the question before us is different, and asks whether, in this specific context, the trial court could correct its ruling. Indeed, appellant's suggested application of *Kercheval* and *Heim* would, in effect, require us to regard an order such as this with the same inviolability as a judgment of acquittal. But where an even "egregiously erroneous" judgment of acquittal divests a trial court of further jurisdiction over the concerned charges, *Fong Foo v.*

---

[12] We also note that the trial court was not *required* to reconsider its previous ruling. Rather it was not prohibited from doing so by virtue of the applicable rules of procedure. *See United States v. Jones*, 423 A.2d 193, 196 n.4 (D.C. 1980) ("Absent a rule permitting a reconsideration motion, a trial court is not obliged to entertain or act on such a motion.").

*United States*, 369 U.S. 141, 143 (1962) (per curiam), *see also Smith v. Massachusetts*, 543 U.S. 462 (2005),[13] a premature order permitting a defendant to withdraw from a guilty plea does not. *Jerry*, *supra*, 487 F.2d at 604-05. Thus, we consider such an order to be interlocutory in nature, and subject to reconsideration.

As such, the only remaining question is whether it was consonant with justice for the trial court to reconsider its ruling in appellant's case. We conclude that it was for the following reasons. First, the record shows the case had not proceeded to trial.[14] Second, the trial court recognized it's failure to conduct a factual inquiry and fully to analyze factors[15] intended to guide it in its exercise of discretion before granting a criminal defendant's motion to withdraw a guilty plea. *See Bennett v. United States*, 726 A.2d 156 (D.C. 1999) (discussing inquiry trial court must make before granting motion to withdraw guilty plea). Finally,

---

[13] Appellant does not argue his rights under the Double Jeopardy Clause were violated by the trial court's decision to reconsider its earlier order and reinstate his guilty plea, nor do we discern any such error. *See United States v. Jerry*, 487 F.2d 600, 606 (3d Cir. 1973) (no Double Jeopardy violation where there is no final judgment or risk of successive prosecutions for same charges).

[14] *Serfass v. United States*, 420 U.S. 377, 388 (1975) (jeopardy attaches when jury is empaneled and sworn or when trial judge hears evidence) (citations omitted).

[15] *White*, *supra*, 863 A.2d at 839; *Bennett*, *supra*, 726 A.2d at 156; *Springs*, *supra*, 614 A.2d at 1; *Gooding*, *supra*, 529 A.2d at 301.

reconsideration was "consonant with justice" in light of the government's proffer that recorded jailhouse phone calls placed the appellant's motive for seeking to withdraw his plea into question. Therefore, we hold that, under these circumstances, it was within the power of the trial court to reconsider its initial ruling on appellant's motion.

Thus, for the foregoing reasons, we affirm the judgment of conviction.

*So ordered.*