# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY JAY LEWANDOWSKI,

Defendant-Appellant.

UNPUBLISHED
June 22, 2017

No. 330816
Macomb Circuit Court
LC No. 2014-001010-FH

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and operating a motor vehicle without a valid operator's license – subsequent offense, MCL 257.904(1) and MCL 257.904d. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to three years' probation, subject to concurrent jail terms of 365 days for the possession of cocaine conviction and 93 days for the driving without a license conviction. Defendant now appeals by delayed leave granted, and we affirm.

## I. FACTS AND PROCEEDINGS

Following a traffic stop in March 2014, defendant was unable to produce a valid driver's license because his license had been suspended. The officer directed defendant to get out of his vehicle and conducted a pat-down search of defendant, which led to the discovery of a small quantity of cocaine on his person. Defendant was on parole at the time of the traffic stop.

At a hearing on April 16, 2014, defendant, represented by his first lawyer, expressed his intent to enter a guilty plea, but then changed his mind after he learned that his sentence would be consecutive to the sentence he was serving for his parole offense. Defendant, represented by his second attorney, subsequently entered a guilty plea on May 7, 2014. The parties do not dispute that on May 7 the trial court fully complied with MCR 6.302 and determined that defendant's plea was an understanding, voluntary, and accurate plea. Defendant subsequently filed a motion to withdraw his plea, which the trial court granted on June 10, 2014. Defendant also moved for a remand to the district court for a preliminary examination, which he had previously waived. The trial court granted the request for a remand. Following a preliminary examination, defendant was bound over to circuit court for trial. Defendant then moved to suppress the evidence, arguing that he was improperly subjected to a pat-down search for failure to produce a driver's license. The trial court granted defendant's request for an evidentiary

-1-

hearing on this issue. However, on April 28, 2015, the date of the scheduled evidentiary hearing, defendant informed the trial court that, after discussions between himself, defense counsel, the prosecutor, and the officer-in-charge, he had decided to waive the evidentiary hearing and reinstate his prior guilty plea. The trial court accepted reinstatement of defendant's May 7 plea, but it did not follow the procedures prescribed in MCR 6.302 for acceptance of an initial guilty plea.

On May 28, 2015, the trial court agreed to adjourn sentencing because defendant had retained new counsel. On the adjourned sentencing date, June 23, 2015, defendant asked to withdraw his plea. He argued that prior counsel had coerced him into reinstating his prior guilty plea by telling him that he would be immediately incarcerated if he did not enter the plea. Defendant also argued that prior counsel failed to review discovery with him, preventing him from understanding that he had an allegedly viable claim for suppressing the seized evidence. The trial court proceeded with sentencing and advised defendant that he could request to withdraw his plea in an appropriate post-sentencing motion. The trial court sentenced defendant to three years' probation, subject to concurrent jail terms of one year for the possession of cocaine conviction and 93 days for the driving with a suspended license conviction.

Defendant thereafter filed a written motion to withdraw his plea. He argued that his plea-based convictions were invalid because the trial court failed to comply with MCR 6.302 when reinstating his prior plea. Defendant also argued that withdrawal of his pleas was in the interests of justice because the cocaine was discovered during an illegal search and because of coercion and the ineffective assistance of his former defense counsel. The trial court denied the motion.

II. MCR 6.302

Defendant first argues that his April 28 plea is invalid as a matter of law because the trial court failed to comply with the procedures required by MCR 6.302 when reinstating his prior guilty plea. "This Court reviews de novo lower courts' interpretations and applications of statutes and court rules." *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

MCR 6.302(A) provides that a trial court may not accept a plea of guilty "unless it is convinced that the plea is understanding, voluntary, and accurate." Subrules MCR 6.302(B) - (E) provide procedures for advising and questioning a defendant to ascertain that a plea is understandingly, voluntarily, and accurately made. The parties do not dispute that the trial court complied with MCR 6.302 when it accepted defendant's guilty plea in May 2014, and properly determined that this plea was understandingly, voluntarily, and accurately made. At issue on appeal is whether the trial court was required to again comply with MCR 6.302 in April 2015, when it reinstated defendant's prior guilty plea.

In *People v Plumaj*, 284 Mich App 645; 773 NW2d 763 (2009), the parties placed their plea agreement on the record. The trial court accepted the defendant's pleas of no contest, but it failed to place the defendant under oath. *Id*. at 646-647. The defendant moved to set aside his pleas on the ground that he was denied the effective assistance of counsel, and that his plea was invalid because the trial court failed to place him under oath and failed to comply with other aspects of the court rule. *Id*. at 647. The trial court set aside the plea. *Id*. This Court granted the prosecutor's application for leave to appeal the order allowing the defendant to withdraw his

pleas. *Id*. This Court stated that, "[s]trict compliance with MCR 6.302 is not essential," and held that whether a failure to comply with applicable procedural requirements "justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance." *Id*. at 649, quoting *People v Saffold*, 465 Mich 268, 272; 631 NW2d 320 (2001) (citation and quotation marks omitted). This Court concluded that omission of the oath was not an error of sufficient degree to invalidate the plea, explaining:

> Although MCR 6.302(A) requires that the court place the defendant under oath before accepting a plea of guilty or *nolo contendere*, a failure to do so, by itself, is not determinative. Because the oath obligation is not one of the protected rights requiring reversal, the trial court must make the initial determination regarding whether the pleas were understandingly, knowingly, voluntarily, and accurately made. While an oath may assist the trial court in making its determination, an oath by itself does not establish any of the necessary requisites of a valid plea. The trial court must employ the decisional process to either grant or deny a motion to withdraw a plea and make findings in a hearing to support the application of discretion. Guided by the facts of a particular case, it is for the trial court to determine the ultimate issue whether the defendant's pleas were understandingly, knowingly, voluntarily, and accurately made. [*Plumaj*, 284 Mich App at 651-652.]

In *People v Kosecki*, 73 Mich App 293; 251 NW2d 283 (1977), the defendant entered a plea of guilty to entering without breaking, MCL 750.111, on March 7, 1975. *Id*. at 294. The defendant was permitted to withdraw his plea on the day of sentencing, March 21, 1975. The defendant's counsel had recommended withdrawal of the plea because counsel believed that defendant's responses at the plea hearing were insufficient to establish that he possessed the requisite intent to commit a larceny inside the building he entered. *Id*. Later that same day, however, the defendant requested that his plea be reinstated. *Id*. The defendant argued on appeal that his plea-based conviction was invalid because the trial court failed to advise him of his constitutional rights before accepting reinstatement of the plea. This Court noted that "[i]t was a period of only two weeks between the original plea and the retender of the same plea," and that "[t]here was no indication that defendant offered his original plea in ignorance of its consequences." *Id*. at 297-298. Accordingly, this Court affirmed the defendant's plea-based conviction. *Id*. at 298.

In *People v Wilkens*, 139 Mich App 778; 362 NW2d 862 (1984), the defendant pleaded guilty on January 11, 1983, to two charges in exchange for dismissal of other charges. *Id*. at 781. On February 18, 1983, the trial court offered the defendant the opportunity to withdraw his pleas, believing that the defendant was entitled to do so pursuant to our Supreme Court's then recent decision in *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982). *Wilkens*, 139 Mich App at 782. On February 22, 1983, the defendant withdrew his pleas. *Id*. at 783. On March 21, 1983, the prosecutor moved to reinstate the defendant's guilty pleas after the Supreme Court issued an order clarifying the retroactivity of its decision in *Killebrew*. The trial court agreed that the defendant was not entitled to withdraw his pleas, and therefore, the defendant's pleas were reinstated. *Id*. at 784. The defendant argued on appeal that "once a guilty plea is withdrawn, it is a nullity and there is nothing to reinstate." *Id*. at 784. This Court disagreed,

citing several authorities, including *Kosecki*, 73 Mich App 293, for the principle that a withdrawn plea can be reinstated. *Wilkens*, 139 Mich App at 784.

Turning to the instant case, the trial court properly applied *Plumaj*, 284 Mich App 645, *Kosecki*, 73 Mich App 293, and *Wilkens*, 139 Mich App 778, to the circumstances of defendant's case. *Plumaj* stands for the principle that substantial compliance with MCR 6.302 is sufficient as long as the defendant's pleas "were understandingly, knowingly, voluntarily, and accurately made." *Plumaj*, 284 Mich App at 651-652. *Kosecki* establishes precedent for upholding a reinstated guilty plea where the trial court complied with MCR 6.302 when the plea was originally accepted, but did not comply with MCR 6.302 when the plea was reinstated. The decision in *Wilkens*, 139 Mich App 778, clarifies the principle in *Kosecki* by rejecting the argument that a withdrawn plea is a nullity that cannot be reinstated. This clarification distinguishes a reinstated plea from an original plea, obviating the need to comply with MCR 6.302 when a prior, properly entered, plea is reinstated.

Defendant emphasizes that the period of time between his original plea and its reinstatement was nearly a year as opposed to the only two weeks passed between the defendant's original plea and reinstatement of the plea in *Kosecki*. Defendant contends that the trial court's compliance with MCR 6.302 when the plea was originally entered in 2014 cannot serve as substantial compliance when the plea was reinstated nearly one year later. This approach is not consistent with the holding in *Plumaj* where the irregularity is evaluated according to "the nature of the noncompliance" and determination of "the ultimate issue whether the defendant's pleas were understandingly, knowingly, voluntarily, and accurately made." *Plumaj*, 284 Mich App at 649, 652. The length of time between the original and the reinstated plea is but one aspect of the analysis.

Defendant stated his reasons for his first request to withdraw his plea on the record. He was dissatisfied with his attorney's failure to advise him that a plea on parole would result in a consecutive sentence. After a new attorney was appointed, the court reiterated the mandatory nature of consecutive sentencing when a defendant is on parole. Still the defendant entered a valid plea that the court took under advisement. Defendant's second motion to withdraw was made after defense counsel received some discovery. The court again granted the withdrawal and further granted a remand to the district court for a preliminary examination. A motion to suppress was filed and an evidentiary hearing was scheduled. It was only after defendant was released from parole did he ask for the reinstatement of the plea. These circumstances do not call into question whether defendant's original plea was understandingly, knowingly, voluntarily, and accurately made. In fact, the record supports a conclusion that the defendant acted with the intent to extinguish the parole consequences of his informed pleas. Accordingly, failure to follow the procedure in MCR 6.302 did not invalidate the reinstatement of defendant's original plea, which defendant does not dispute was properly entered.

### III. MOTION TO WITHDRAW AND INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that the trial court erred by denying his motion to withdraw his reinstated guilty pleas. This Court reviews a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *People v Billings*, 283 Mich App 538, 549; 770 NW2d 893 (2009). "An abuse of discretion occurs when the trial court chooses an outcome that falls

outside the range of principled outcomes." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016) (citation and quotation marks omitted).

To the extent defendant argues that his guilty plea was attributable to the ineffective assistance of his trial counsel, because defendant did not request a *Ginther*[1] hearing on this issue, our review of that claim is limited to mistakes apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted).

Defendant moved to withdraw of his plea in an oral motion before sentencing and in a written motion filed after sentencing. MCR 6.310(B)(1) grants the trial court discretion to withdraw a plea before sentencing. The rule states:

> [A] plea may be withdrawn on the defendant's motion or with the defendant's consent only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by subrule (C).

Subrule (C) provides:

> The defendant may file a motion to withdraw the plea within 6 months after sentence. Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500. If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.

The rule prescribes a procedure for the court to follow where a defendant seeks to withdraw a plea after sentencing because of an error in the plea proceeding. Further, the phrase "error in the plea proceeding *that would entitle* the defendant to have the plea set aside" indicates that the error must be one that would give the defendant a legal right to withdraw the plea. *In re Jajuga Estate*, 312 Mich App 706, 718; 881 NW2d 487 (2015) (statutory language must be construed according to its plain and ordinary meaning). Similarly, the phrase "the court *must give the advice or make the inquiries necessary*" indicates that the error must have arisen from the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

omission of a required procedure. The only argument raised by defendant that pertains to subrule (C) is that the trial court failed to comply with MCR 6.302 when his plea was reinstated. As we have already discussed, the trial court was not required to comply with this procedure when it reinstated a prior plea that was properly entered in compliance with MCR 3.602.

Although defendant filed his written motion after sentencing, he moved orally to withdraw his plea before sentencing. The trial court declined to hear his argument and advised him to file the motion post-sentencing. By proceeding to sentencing, the trial court effectively denied defendant's pre-sentence motion to withdraw. Under these circumstances, it is appropriate to review defendant's pre-sentence motion under MCR 6.310(B)(1) to determine whether the trial court abused its discretion by not permitting defendant to withdraw his plea before sentencing.

Defendant argues that withdrawal of his plea was in the interests of justice because his former attorney coerced him into reinstating the plea. The defendant asserted that his attorney induced him to enter the plea by falsely telling him that he otherwise would be incarcerated immediately. Defendant asserted that he had two witnesses who could corroborate this allegation, but he identified them only as "Kim" and "my buddy." He never presented either witness and never offered an affidavit or other evidentiary support for their testimony. Accordingly, the trial court did not abuse its discretion by rejecting defendant's argument that withdrawal of his plea was warranted in the interests of justice based on coercion by defendant's prior attorney.

Defendant also argues that his former attorney failed to review discovery materials with him, but he does not specify what content in these materials would have led to a more favorable outcome if his attorney had used them effectively. Defendant suggests that the materials would have established that the cocaine found on his person was the result of an illegal search, but he waived the evidentiary hearing that had been scheduled to decide this issue, and the record does not contain any other factual support for defendant's claim that the evidence was illegally seized. In fact, the record includes a recitation by the prosecutor prior to the preliminary examination that the questioned attorney was, in fact given the very materials the defendant denies ever seeing. Consequently, the record does not support a finding that defendant's former attorney committed an objectively unreasonable error, or that there is a reasonable probability of a different outcome if his attorney had not persuaded defendant to waive the evidentiary hearing.

Moreover, the course of the proceedings support plaintiff's argument that defendant understood the proceedings and made strategic decisions throughout, to his advantage. Defendant avoided receiving a sentence consecutive to his parole, which was his reason for withdrawing the plea he tendered on May 7, 2014. The trial court granted his motions to remand for a preliminary examination and an evidentiary hearing. He replaced his attorney twice. Considering all the circumstances, defendant has failed to establish that the trial court abused its discretion in denying his motion to withdraw his plea.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray