PEOPLE v PLUMAJ

Docket No. 285534. Submitted April 14, 2009, at Detroit. Decided April 23, 2009. Approved for publication June 30, 2009, at 9:05 a.m.

Luviq Plumaj moved in the Wayne Circuit Court to withdraw pleas of guilty of second-degree murder and no contest to charges of manslaughter and failure to stop at the scene of an accident. The court, Michael J. Callahan, J., granted the motion, noting that the pleas had not been taken under oath, as required by MCR 6.302(A). The prosecution appealed by leave granted.

The Court of Appeals *held*:

Although MCR 6.302(A) requires that a court place a defendant under oath before accepting a plea of guilty or no contest, a failure to do so does not, by itself, require reversal. The court must make an initial determination whether the plea was understandingly, knowingly, voluntarily, and accurately made before deciding whether to grant a motion to withdraw a plea.

Reversed and remanded for further proceedings.

CRIMINAL LAW — GUILTY OR NO CONTEST PLEAS — MOTION TO WITHDRAW A PLEA.

A court, before deciding a motion to withdraw a plea of guilty or no contest that was made without the defendant being placed under oath, must make an initial determination whether the plea was understandingly, knowingly, voluntarily, and accurately made (MCR 6.302[A]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Ana Quiroz*, Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs* for the defendant.

Before: BECKERING, P.J., and TALBOT and DONOFRIO, JJ.

Per Curiam. The prosecution appeals by leave granted the trial court's orders granting defendant's motions to withdraw his plea of guilty of second-degree murder, MCL 750.317, and pleas of *nolo contendere* to manslaughter with a motor vehicle, MCL 750.321, and failure to stop at the scene of an accident when at fault, resulting in death, MCL 257.617(1) and (3). Because the trial court erred in granting defendant's motions to set aside his pleas without first determining whether the pleas were understandingly, knowingly, voluntarily, and accurately made, we reverse and remand for further proceedings consistent with this opinion.

Circuit court docket no. 07-005810 arises out of the January 28, 2007, death of Robert Brown. A truck driven by defendant struck Brown as Brown was standing near a stalled vehicle. Defendant was charged with manslaughter and failure to stop at the scene of an accident when at fault. Circuit court docket no. 07-009020 arises out of the February 21, 2007, shooting death of Timothy Porter and assault of Kenneth Hart. The prosecutor alleged that the shooting of Porter was done with the assistance, and at the direction, of defendant. Defendant was charged with first-degree murder, two counts of assault with intent to murder, and possession of a firearm during the commission of a felony.

At an August 27, 2007, hearing, the parties placed a plea agreement on the record. The agreement was that, in circuit court docket no. 07-009020, defendant would plead guilty of second-degree murder in exchange for a sentence of $25^1/_2$ to 35 years in prison. In circuit court docket no. 07-005810, defendant agreed to plead *nolo contendere* to both manslaughter and failure to stop at the scene of an accident when at fault, resulting in death, in exchange for sentences of 10 to 15 years in prison on both counts, which were to run concurrently with the sentence in

circuit court docket no. 07-009020. The trial court ultimately accepted defendant's pleas. However, at no point during the plea hearing did the trial court place defendant under oath. The trial court sentenced defendant on September 13, 2007, pursuant to the agreement of the parties.[1]

In February 2008, defendant moved to set aside both pleas, claiming that he was denied the effective assistance of counsel, that the trial court erred in failing to place him under oath before taking the pleas, and that the trial court failed to comply with other aspects of the plea-taking procedure. A hearing on the motion was held on April 25, 2008, before a different trial judge. The prosecutor conceded that the oath requirement was not met in this case, but argued that the noncompliance "does not require reversal" because the failure to administer the oath does not necessarily mean that the plea was involuntary. The trial court disagreed with the prosecutor, stating that MCR 6.302(A) "isn't concerned with whether the plea is full, fair and voluntary. It says the plea shall be taken under oath." The trial court went on to state that "the plea taking procedure wasn't complied with as laid out in the court rule" and ruled, "I'm setting aside the plea."

The prosecutor now appeals by leave granted the trial court's decision to allow defendant to withdraw his pleas. The prosecutor argues that the oath requirement of MCR 6.302(A) is simply a tool to assist a court in determining the voluntariness of a plea, and the failure to give the oath does not require automatic reversal. According to the prosecutor, regardless of the error in failing to place defendant under oath at the plea hearing, the trial court could not set aside the plea without

---

[1] The maximum sentence imposed on the second-degree murder conviction was increased, by agreement of the parties, in order to comply with the rule of *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972). The sentence imposed was 25½ years to 38 years and 3 months in prison.

a finding that the plea was, in fact, involuntary. Defendant argues that MCR 6.302(A) clearly and unambiguously mandates administering the oath, that compliance with the oath requirement is not a mere technicality but is necessary in every case to impress upon a defendant the importance of telling the truth, and that the absence of an oath renders a plea unacceptable.

A trial judge's decision to accept or reject a plea is reviewed for abuse of discretion. *People v Grove*, 455 Mich 439, 460; 566 NW2d 547 (1997). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). Questions of law, including interpretation of court rules, are reviewed de novo on appeal. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

> The procedures governing the acceptance of a guilty plea were first adopted by [our Supreme Court] in 1973 and are currently set forth in MCR 6.302. MCR 6.302(A) provides that
>
> "[t]he court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate. Before accepting a plea of guilty or nolo contendere, the court must place the defendant or defendants under oath and personally carry out subrules (B)-(E)."[2] [*People v Saffold*, 465 Mich 268, 272; 631 NW2d 320 (2001).]

---

[2] Under MCR 6.302(B), which relates to an understanding plea, the court must speak directly to the defendant and determine that he or she understands the name of the offense and the maximum possible prison sentence, the trial rights being waived, and loss of the right to appeal. Pursuant to MCR 6.302(C), which relates to a voluntary plea, the court must make inquiries regarding the existence and details of any plea agreements and whether the defendant was promised anything beyond what was in the agreement, if any, or otherwise. The court must also ask the defendant whether he or she had been threatened and if the plea was his or her choice. MCR 6.302(D), which relates to an accurate plea, requires the court to establish a factual basis for a guilty plea and state

Strict compliance with MCR 6.302 is not essential; rather, our Supreme Court has "adopted a doctrine of substantial compliance, holding that 'whether a particular departure from Rule 785.7 [now MCR 6.302] justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance.'" *Saffold, supra* at 273, quoting *Guilty Plea Cases*, 395 Mich 96, 113; 235 NW2d 132 (1975). Automatic reversal is required only when the trial court fails to procure "an enumeration and a waiver on the record of the three federal constitutional rights as set forth in *Boykin v Alabama* [395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969)]: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers." *Saffold, supra* at 281. This Court may consider "the record as a whole" to determine whether the *Boykin* requirements were satisfied and whether a guilty plea was made knowingly and voluntarily. *People v Bettistea (After Remand)*, 181 Mich App 194, 197; 448 NW2d 781 (1989).

The prosecutor persuasively argues that the oath requirement of MCR 6.302(A) "does not stand alone," but rather is intended to aid the trial court in determining whether the defendant's plea was understandingly, voluntarily, and accurately made. In contrast, we are not persuaded by defendant's argument that the "substantial compliance" doctrine articulated in *Guilty Plea Cases* applies only to subrules B through E and that the Court could have moved the oath requirement when it amended the rule in 1995 had it wanted to include the oath within the doctrine. This argument

---

why a plea of *nolo contendere* is appropriate. Finally, under MCR 6.302(E), the court must make additional inquiries, including whether the prosecutor and defense counsel are "aware of any promises, threats, or inducements other than those already disclosed on the record, and whether the court has complied with subrules (B)-(D)."

glosses over *Saffold,* decided in 2001, which reiterated that there are only three reasons for automatic reversal, as enumerated above. Similarly unconvincing is defendant's assertion that even if the substantial compliance doctrine were applicable to MCR 6.302(A), that subrule uses the word "must" when it refers to "place the defendant . . . under oath" and therefore the failure to do so cannot be substantial compliance. This reasoning ignores the fact that the word "must" in subrule A also refers to "personally carry out subrules (B)-(E)."

Indeed, our Supreme Court has said on many occasions that "rules of automatic reversal are disfavored." *People v Hawthorne,* 474 Mich 174, 182 n 4; 713 NW2d 724 (2006). The preferred method is to determine the type of error and then apply the proper test:

> Constitutional errors that are structural in nature are subject to automatic reversal. If a case involves nonstructural, preserved constitutional error, an appellate court should reverse unless the prosecution can show that the error was harmless beyond a reasonable doubt.

> If the constitutional error is not preserved, it is reviewed for plain error. In cases involving preserved, nonconstitutional errors, the defendant must establish that it is more probable than not that the error undermined reliability in the verdict. Unpreserved, nonconstitutional errors are reviewed for plain error. [*People v Cornell,* 466 Mich 335, 363 n 16; 646 NW2d 127 (2002).]

In *People v Mosly,* 259 Mich App 90; 672 NW2d 897 (2003), this Court held that violation of a court rule was not structural error requiring automatic reversal. In *Mosly,* because the trial court believed defendant's written waiver sufficient, "the trial court expressly declined to question defendant on the record to ascertain the validity of defendant's waiver of his right to trial by jury," contrary to MCR 6.402(B). *Id.* at 93. This Court stated that "we are not persuaded that the trial

court's failure to follow the rule requires reversal if the record establishes that defendant nonetheless understood that he had a right to a trial by jury and voluntarily chose to waive that right." *Id.* at 96. The Court then cited federal caselaw holding that

> a trial court's failure to follow procedural rules for securing a waiver of the right to a jury trial does not violate the federal constitution *nor does it require automatic reversal.* Indeed, compliance with the court rules only creates a presumption that a defendant's waiver was voluntary, knowing, and intelligent. If a defendant's waiver was otherwise knowingly, voluntarily, and intelligently made, reversal will not be predicated on a waiver that is invalid under the court rules because courts will disregard errors that do not affect the substantial rights of a defendant. [*Id.* (citations omitted; emphasis added).]

Furthermore, the *Mosly* Court noted that "rules of automatic reversal are disfavored, for a host of obvious reasons." *Id.* at 97 (quotation marks and citations omitted). The Court held, therefore, that the "defendant was required to establish that the waiver was neither understandingly nor voluntarily made, not merely that the trial court failed to strictly comply with MCR 6.402(B)." *Id.* Similarly, in the case at bar, it was error for the trial court to apply a rule of automatic reversal for failure to strictly comply with MCR 6.302(A) instead of determining whether defendant's pleas were understandingly, knowingly, voluntarily, and accurately made.

Although MCR 6.302(A) requires that the court place the defendant under oath before accepting a plea of guilty or *nolo contendere*, a failure to do so, by itself, is not determinative. Because the oath obligation is not one of the protected rights requiring reversal, the trial court must make the initial determination regarding whether the pleas were understandingly, knowingly,

voluntarily, and accurately made. While an oath may assist the trial court in making its determination, an oath by itself does not establish any of the necessary requisites of a valid plea. The trial court must employ the decisional process to either grant or deny a motion to withdraw a plea and make findings in a hearing to support the application of discretion. Guided by the facts of a particular case, it is for the trial court to determine the ultimate issue whether the defendant's pleas were understandingly, knowingly, voluntarily, and accurately made.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.