*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EDWARD LEBRON GRIFFIN,

Defendant-Appellant.

UNPUBLISHED
February 20, 2020

Nos. 346047; 346050; 346052
Calhoun Circuit Court
LC Nos. 2016-000232-FH;
2016-000233-FH;
2016-000234-FH

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant, Edward Lebron Griffin, appeals by leave granted[1] his no-contest plea to two charges of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*) and one charge of delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*). Defendant pleaded pursuant to a *Cobbs*[2] agreement that he would receive a minimum sentence of not more than six years' imprisonment and his sentences would be concurrent. In accord with the agreement, the trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve concurrent terms of 72 to 480 months' imprisonment for each delivery of methamphetamine conviction and 34 to 480 months' imprisonment for the delivery of cocaine conviction, with credit for 433 days served. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Undercover Battle Creek Southwest Enforcement Team (SWET) detectives met with defendant on September 1, 2015, and they purchased 0.25 grams of methamphetamine for $100 from defendant. On September 14, 2015, SWET detectives purchased from defendant 0.47 grams of cocaine for $120. Finally, on September 23, 2015, SWET detectives purchased from defendant

---

[1] *People v Griffin*, unpublished order of the Court of Appeals, entered January 4, 2019 (Docket Nos. 346047; 346050; 346052).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

0.7 grams of methamphetamine for $200. The prosecution alleged that defendant was a third-offense habitual offender on the basis of defendant's previous convictions of assault with a dangerous weapon and assault with the intent to commit an armed robbery.

On the date set for trial in this matter, the trial court agreed to a *Cobbs* agreement, which provided that defendant's sentences would not exceed the minimum sentencing guidelines range and would be concurrent, rather than consecutive, if defendant pleaded to the three charges in these cases. During the plea hearing, defense counsel indicated that the anticipated minimum sentencing guidelines range was 36 to 90 months' imprisonment. Following a question by defendant's trial counsel, the trial court reiterated that it would agree "to six as a cap." Because there had been a misunderstanding by defense counsel as to whether the trial court would place the minimum at 60 months or 6 years, following the trial court's clarification that it would sentence defendant to six years, not sixty months, defense counsel stated to defendant: "Mr. Griffin I do need your attention at this point. And so addressing the issue first with *Cobb's* there would be one sentence or at least all of the sentences that arise out of these cases would run concurrently and it would be no more than six years on the minimum with the Department of Corrections." Defendant indicated that he would offer a plea if he was not sentenced as a habitual offender and if "the Court could come down to three years." The trial court indicated that it was within the prosecution's discretion to remove the habitual offender sentence enhancement. The trial court also indicated that it would not agree to sentence defendant to no more than three years' imprisonment on the basis of the three felony charges in these cases, defendant's criminal history, and defendant's previous assault convictions.

After being provided an opportunity to consider the plea offer, defendant pleaded no contest to delivery of methamphetamine (lower court number 2016-000232-FH), delivery of less than 50 grams of cocaine (lower court number 2016-000233-FH), and delivery of methamphetamine (lower court number 2016-000234-FH) pursuant to the *Cobbs* agreement. The trial court determined that the facts provided in the felony information in each case satisfied the elements of each offense. The trial court determined that defendant made his no-contest plea freely, understandingly, and voluntarily and accepted defendant's plea to the charges in each case.

Defendant filed a motion to withdraw his plea and argued that he did not understand that the *Cobbs* agreement referred to a six-year maximum of his minimum sentence but rather that he believed it was a six-year total maximum sentence. Defendant also argued that defense counsel was ineffective. The trial court stated that "it [was] very clear on the record that based upon the statement of his attorney and the fact that he was told to pay attention that this was a minimum." The trial court also indicated that defendant confirmed on the record that he understood the terms of the *Cobbs* agreement. The trial court determined that defendant had effective assistance of counsel and that he had the information necessary to make an informed decision regarding his plea, and the trial court denied defendant's motion to withdraw his plea.

Defendant filed a second motion to withdraw his plea and argued that he was not properly informed of his enhanced maximum sentence. Defendant also requested to withdraw his plea on the basis of ineffective assistance of counsel and first-appointed appellate counsel for failing to correct the error regarding defendant's possible maximum sentence. The trial court indicated that defendant was informed that his status as a third-offense habitual offender increased the potential maximum sentence to 40 years' imprisonment on all charges. The trial court also indicated that

defendant stated that he understood the charges during the plea hearing. The trial court concluded that defendant was informed that there was at least one charge that had a penalty of up to 40 years' imprisonment and that his sentences would be concurrent. The trial court further concluded that any error in informing defendant of his maximum sentences for the delivery of methamphetamine charges was harmless, and the trial court denied defendant's motion to withdraw his plea. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant contends that the trial court abused its discretion by denying defendant's motion to withdraw his plea. Defendant states that he did not understand his plea because he believed that the *Cobbs* agreement related to a six-year maximum sentence, rather than a six-year minimum of his possible maximum sentence. Defendant also argues that the trial court did not properly inform him of his possible maximum sentence with the habitual offender sentence enhancement. As a result of this error defendant argues, he was prejudiced because his actual maximum sentences are far greater than what was told to him by the trial court.

The State contends that the trial court did not abuse its discretion by denying defendant's motion to withdraw his plea because there was no error regarding the *Cobbs* agreement. Further, the State argues, defendant was made aware of his maximum sentence and his waiver of rights prior to pleading no contest. Additionally, the State argues, defendant cannot demonstrate that he suffered prejudice because the trial court informed him of his maximum possible penalty.

"We review for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. See *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018).

" 'There is no absolute right to withdraw a guilty plea once the trial court has accepted it.' " *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015) (citation omitted). A defendant may file a motion to withdraw a plea within six months after the trial court imposes the defendant's sentence. MCR 6.310(C)(1). If more than six months elapsed after the defendant's sentencing, "the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500." MCR 6.310(C)(3). "A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012).

MCR 6.302 relates to no-contest-plea and guilty-plea proceedings. MCR 6.302(A) provides that a plea must be understanding, voluntary, and accurate. See *Pointer-Bey*, 321 Mich App at 616. "In order for a plea to be voluntary and understanding, the defendant 'must be fully aware of the direct consequences of the plea.' " *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016) (citation omitted). A direct consequence of a plea includes the penalty to be imposed by the trial court. *Id*. The trial court must inform a defendant of the "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law . . . ." MCR 6.302(B)(2). Additionally, the trial court must establish a factual basis for the plea to ensure that the plea is accurate. MCR 6.302(D); see also *People v Plumaj*, 284 Mich App 645, 648 n 2; 773 NW2d 763 (2009). "[A] misstatement of the maximum possible sentence does

-3-

not require reversal if no prejudice is shown." *People v Winters*, 320 Mich App 506, 510; 604 NW2d 899 (2017), affirmed in part and vacated in part ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket No. 156388); slip op at 3 (agreeing with this Court that reversal is not required for a misstatement of the maximum possible sentence if a defendant does not show prejudice).

Here, review of the record leads us to conclude that defendant was made aware of his maximum sentences and that defendant was informed that the six-year sentence was a maximum minimum that the trial court would sentence defendant to under his *Cobbs* agreement. The trial court and the parties discussed the *Cobbs* agreement with defendant at two separate hearings, with the trial court repeatedly referring to a "six-year cap."[3]

As previously indicated, following the trial court's clarification that the cap it was referring to was six years, not sixty months, defense counsel addressed defendant, informing him that his sentences: "would be no more than six years on the minimum with the Department of Corrections." After defendant asked whether 60 months equated to five years, defense counsel again clarified that he misspoke and that the proper sentence would be no more than six years. The trial court again stated that it agreed to a "cap at six years." The trial court restated the *Cobbs* agreement before defendant pleaded and indicated that it would "cap any incarceration at six years." The trial court asked defendant if its description of the *Cobbs* agreement was defendant's understanding of the agreement to which defendant responded affirmatively. Viewing the discussions of the *Cobbs* agreement in their entirety, we conclude that the trial court and defense counsel made defendant aware that the trial court would impose a minimum sentence of no more than six years' imprisonment if defendant offered a plea, and defendant confirmed that he understood that agreement.

Regarding defendant's maximum sentence, the trial court erroneously stated that defendant's maximum sentences for the delivery of methamphetamine offenses with the habitual offender sentence enhancement were 4- and 20-years' imprisonment. See MCL 333.7401(2)(b)(*i*); MCL 769.11(1)(a).[4] However, the trial court correctly stated that defendant's possible maximum sentence for the delivery of cocaine offense was 40 years' imprisonment. See MCL 333.7401(2)(a)(*iv*); MCL 769.11(1)(a). Accordingly, the trial court advised defendant of his maximum possible prison sentence pursuant to MCR 6.302(B)(2). After being so informed, defendant told the trial court that he understood both the charges and the possible penalties. On this record, we cannot conclude that there was a defect in the plea proceedings. See *Brown*, 492 Mich at 693. Furthermore, defendant did not demonstrate that he was prejudiced by the trial

---

[3] We have little doubt that the trial court's repeated reference to six years as a "cap" formed the basis on which this Court granted leave to appeal. Whereas the trial court may have understood the term "cap" to apply only to the maximum minimum, it never conveyed that understanding to defendant. Rather, it was defendant's trial counsel who clarified for defendant that the six year "cap" pertained only to the maximum minimum. As will be discussed *infra*, the trial court did, albeit with some error, during the course of taking defendant's plea, inform defendant as to the statutory maximum.

[4] The trial court declared that the "four" was likely a transcription error "because four and forty are close."

court's misstatement of the maximum possible sentence for the delivery of methamphetamine offenses because the trial court properly advised defendant of his 40-year maximum sentence for the delivery of cocaine offense and that his sentences would be concurrent. See *Winters*, 320 Mich App at 510. In short, defendant was informed by the trial court that he faced a maximum possible sentence of 40 years. Thus, defendant was informed that if he pled guilty, his maximum minimum would be six years and that he faced the possibility of up to 40 years in prison. Accordingly, the trial court did not abuse its discretion in denying defendant's motions to withdraw his plea. See *Pointer-Bey*, 321 Mich App at 615.

Defendant next argues on appeal that defense counsel was ineffective for failing to correct the trial court regarding the possible maximum sentences and that defendant's first-appointed appellate counsel was ineffective for failing to raise this issue. Defendant asks this Court to remand the matter to the trial court so that defendant may have an opportunity to withdraw his plea.

Generally, "[t]he question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Our review of defendant's ineffective assistance of counsel claim is limited to mistakes apparent on the lower court record because defendant failed to move for a new trial or file a motion for an evidentiary hearing. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

"Effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). In order to overcome this presumption, a defendant must show that: (1) defense counsel's performance did not meet an objective standard of reasonableness under the circumstances and according to prevailing professional norms and (2) there was a reasonable probability that, but for defense counsel's errors, the results of the proceeding would be different. *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 312-313; 521 NW2d 797 (1994). Additionally, a defendant must show that the result that occurred was fundamentally unfair or unreliable. *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). To establish a claim of ineffective assistance of appellate counsel, a defendant must show that counsel's performance was deficient under an objective standard of reasonableness and that the deficiency prejudiced the defendant's appeal. See *People v Uphaus (On Remand)*, 278 Mich App 174, 186; 748 NW2d 899 (2008).

"Defense counsel must be afforded broad discretion in the handling of cases." *Pickens*, 446 Mich at 325. Trial counsel is not ineffective for failing to raise an objection or a motion that lacks merit. *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011). Regarding plea bargains, defense counsel must inform a defendant of the direct consequences of his or her plea. *Id*. at 384-385. To establish prejudice as a result of the plea-bargaining process, " the 'defendant must show the outcome of the plea process would have been different with competent advice.' " *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (citation omitted).

In this case, we glean no error by trial counsel from the record. Defendant's plea was understanding and voluntary. Nothing in the record reveals that trial counsel forced defendant into

accepting a plea agreement, or that defendant was innocent of the charges. In fact, defendant admitted his guilt to the trial court but tried to engage the trial court in plea discussions with the trial court while on the record. The record reveals that trial counsel pursued those discussions on behalf of defendant. The record further reveals that trial counsel informed defendant of the specifics of the *Cobbs* plea, namely the six-year maximum minimum. Hence, we cannot find in the record any evidence to demonstrate that defense counsel failed to inform defendant of the direct consequences of his plea. See *Fonville*, 291 Mich App at 384-385. Because defense counsel informed defendant of the consequences of his plea and defendant chose to plead no contest, defendant cannot demonstrate that the result of the plea proceeding would have been different. See *Douglas*, 496 Mich at 592; *Pickens*, 446 Mich at 312-313.

We note that trial counsel did not correct the trial court when it made misstatements regarding the maximum sentence with the habitual offender sentence enhancement for the delivery of methamphetamine offenses. However, as previously noted, the trial court did inform defendant as to the correct minimum, forty years, in another charge to which he pled that was to run concurrently with the other charges where the maximum sentences were misstated by the trial court. We have concluded that by doing so the trial court complied with MCR 6.302(B)(2). Hence, even if we were to find trial counsel's actions relative to him not correcting the trial court's misstatements about maximum sentences fell below an objective standard of reasonableness, we cannot find that that defendant suffered any prejudice as a result. *Strickland*, 466 US at 687-688.

As to allegations that defendant's first appellate counsel was also ineffective, we cannot glean error from the record. As discussed above, defendant pleaded understandingly and voluntarily. Nonetheless, first-appointed appellate counsel challenged whether defendant pleaded understandingly by filing a motion to withdraw defendant's plea. Although first-appointed appellate counsel did not challenge the trial court's misstatements regarding the maximum sentence with the habitual offender sentence enhancement for the delivery of methamphetamine offenses, as we have already concluded, the trial court complied with MCR 6.302(B)(2) when it informed defendant of his 40-year maximum sentence for the delivery of cocaine offense and that his sentences would be concurrent. Therefore, first-appointed appellate counsel was not ineffective for failing to challenge the trial court's misstatement when such an objection or challenge lacked merit. See *Fonville*, 291 Mich App at 384; *Uphaus*, 278 Mich App at 186-187. Accordingly, defendant is not entitled to relief. See *Douglas*, 496 Mich at 592; *Uphaus*, 278 Mich App at 186; *Solmonson*, 261 Mich App at 663.

Affirmed.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan