*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 21, 2021

      Plaintiff-Appellee,

v

No. 350388
Alpena Circuit Court
LC No. 14-006306-FC

JAMES WILLIAM FREESE II,

      Defendant-Appellant.

Before: REDFORD, P.J., and MARKEY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion for relief from judgment on the grounds that the trial court erred (1) because he could not be sentenced to lifetime electronic monitoring (LEM) for his first-degree criminal sexual conduct (CSC-I) convictions because the underlying CSC-I offenses occurred before the statutory LEM provisions took effect and the imposition of LEM violated the constitutional ex post facto prohibitions, and (2) by not allowing him to withdraw his pleas to second-degree criminal sexual conduct (CSC-II) because during the plea proceedings the trial court did not advise him of the LEM requirement for CSC-II convictions. For the reasons stated in this opinion, we affirm the trial court's denial of defendant's motion for relief from judgment and defendant's CSC convictions and sentences, with the exception that we remand to the trial court to correct defendant's CSC-I sentences to remove the LEM requirement.

## I. PERTINENT FACTS

The prosecution charged defendant with multiple counts of criminal sexual conduct (CSC) of various degrees and defendant chose to have his case tried to a jury. On the third day of his trial, defendant testified regarding his whereabouts during times relevant to the charged offenses.

---

[1] *People v Freese,* unpublished order of the Court of Appeals, entered January 2, 2020 (Docket No. 350388).

During his cross-examination, the prosecution impeached defendant with evidence that undercut his alibi defense, whereupon defendant pleaded no contest to 11 counts of CSC in exchange for the dropping of one count that would have exposed him to a mandatory sentence of 25 years' imprisonment.[2] The record reflects that during defendant's plea proceeding, defendant pleaded no contest to each of the 11 CSC charges separately. The trial court informed defendant that he would be subject to LEM as a result of his pleas to the five counts of CSC-I; however, the court did not advise him specifically that LEM was also a consequence of the CSC-II charges. Defendant raised no objections to the plea proceedings. Before sentencing, however, defendant moved the trial court to withdraw his pleas on the grounds that his trial counsel had coerced him into accepting the pleas. The trial court held an evidentiary hearing on defendant's motion and denied the motion because defendant failed to establish grounds for withdrawal of his pleas.

Defendant later appealed by right and by leave and argued to this Court that the trial court erred by denying his motion to withdraw his pleas in relevant part because it included in his CSC-II sentences mandatory LEM without advising of that consequence, departed upward when imposing minimum sentences for his CSC-I and CSC-II convictions, and his trial counsel provided ineffective assistance. This Court affirmed his convictions and sentences. Respecting defendant's claim that the trial court erred by not permitting him to withdraw his pleas, this Court ruled that defendant failed to demonstrate that the trial court clearly erred by finding that defendant had not been coerced into pleading no contest. Regarding defendant's claim of error in relation to LEM for his CSC-II convictions, this Court held that because defendant failed to raise the issue in the trial court when he moved to withdraw his pleas, he therefore was barred by MCR 6.310(D) from raising the matter on appeal. However, in the context of defendant's claim that his counsel provided ineffective assistance by not objecting to the imposition of LEM in relation to his CSC-II convictions, this Court considered whether that entitled defendant to any relief. This Court found that, although the trial court advised defendant five times in relation to his CSC-I charges that he faced the LEM requirement, the trial court overlooked doing so in relation to his CSC-II charges. This Court reflected upon the requirement specified in MCR 6.302(B)(2) to inform defendants during plea proceedings of the maximum possible prison sentence and the LEM requirement in relation to CSC-I and CSC-II convictions, but noted that substantial compliance with the rule may satisfy the rule's requirements and minor deviations do not require reversal. This Court ruled that the trial court's failure to reiterate the LEM requirement constituted harmless error and the plea proceedings substantially complied with the requirements of MCR 6.302(B)(2). Accordingly, this Court determined defendant lacked entitlement to appellate relief. *People v Freese*, unpublished per curiam opinion of the Court of Appeals issued April 25, 2017 (Docket Nos. 329673 and 332141). Our Supreme Court denied defendant's application for leave to appeal this Court's judgment. *People v Freese*, 501 Mich 947; 904 NW2d 621 (2017).

---

[2] Defendant pleaded no contest to five counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*) (related victim aged 13 to 15); two counts of second-degree CSC (CSC-II), MCL 750.520c(1)(a) (victim under 13 years old); one count of third-degree CSC (CSC-III), MCL 750.520d(1)(a) (victim 13 to 15 years old); two counts of CSC-III, MCL 750.520d(1)(b) (force or coercion); and one count of fourth-degree CSC (CSC-IV), MCL 750.520e(1)(b).

In 2019, defendant moved for relief from judgment, arguing that the imposition of LEM on the basis of his CSC-I convictions violated the constitutional ex post facto prohibition because the underlying offenses occurred before the LEM provisions took effect; further, defendant argued that he was entitled to withdraw his pleas to CSC-II because, although he was advised that he would be subject to LEM as a result of his pleas to CSC-I, he was not advised that CSC-II convictions subjected him to mandatory LEM. Defendant contended that his sentences were invalid because of the imposition of LEM and that LEM should be removed from his sentences. The trial court denied the motion for failure to show good cause and actual prejudice as required under MCR 6.508(D)(3)(a) and (b).

## II. STANDARD OF REVIEW

We review "a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law. The interpretation of a court rule is a question of law that is reviewed de novo." *Id*. at 628-629 (citations omitted). "A ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).

## III. ANALYSIS

## A. EX POST FACTO PROHIBITION

Defendant argues, and the prosecution concedes, that imposition of LEM as part of defendant's sentences for his CSC-I convictions violates the constitutional ex post facto prohibition. We agree.

The Michigan and United States Constitutions prohibit ex post facto laws. Const 1963, art 1, § 10; US Const, art I, § 10. "Both ex post facto clauses are designed to secure substantial personal rights against arbitrary and oppressive legislation and to ensure fair notice that conduct is criminal." *People v Callon*, 256 Mich App 312, 317; 662 NW2d 501 (2003) (citations omitted). "Michigan does not interpret its constitutional provision more expansively than its federal counterpart." *Id*. The United States Supreme Court has identified four categories of ex post facto laws:

> 1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates a crime*, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*. [*Carmell v Texas*, 529 US 513, 522; 120 S Ct 1620; 146 L Ed 2d 577 (2000) (quotation marks and citation omitted).]

-3-

"The critical question for an ex post facto violation is whether the law changes the legal consequences of acts completed before its effective date[.]" *Carmell*, 529 US at 520 (brackets, quotation marks, and citation omitted).

The LEM provisions under MCL 750.520b(2)(d) and MCL 750.520n became effective on August 28, 2006. MCL 750.520n; 2006 PA 169; 2006 PA 171. Lifetime electronic monitoring constitutes "additional punishment" and is part of the sentence itself "when required by the CSC-I or CSC-II statutes." *People v Cole*, 491 Mich 325, 336; 817 NW2d 497 (2012).

Before August 28, 2006, the maximum penalty that a defendant could receive for a CSC-I conviction was imprisonment for "life or any term of years." MCL 750.520b(2), as amended by 2002 PA 714. After the Legislature revised the statute, a defendant became required to serve a prison sentence and be subject to LEM. MCL 750.520b(2)(d). In this case, the charged conduct resulting in defendant's CSC-I convictions occurred in the 1990s before the LEM provisions became effective. Sentencing defendant to LEM on the basis of his CSC-I convictions violated the constitutional ex post facto prohibition because it imposed greater punishment than the law permitted at the time defendant committed his CSC-I offenses. *Carmell*, 529 US at 522. Accordingly, we remand to the trial court to correct defendant's CSC-I sentences by removing the mandatory LEM. Respecting his CSC-I convictions and sentences, defendant is not entitled to further relief.

## B. RELIEF FROM JUDGMENT

Defendant also argues that the trial court abused its discretion when it denied his motion for relief from judgment to permit him to withdraw his CSC-II pleas because the trial court did not advise defendant of the LEM consequence of those pleas. We disagree.

A defendant in a criminal case may move for relief from a judgment of conviction and sentence. MCR 6.502(A). Such motions are governed by MCR 6.500 *et seq*. These rules outline the procedure for how a trial court is to consider a motion for relief from judgment, identify the requirements that a defendant must establish to be entitled to relief, and limit the number of motions that a defendant may file.

A motion for relief from judgment is to be presented to the judge to whom the case was assigned at the time of the defendant's conviction. MCR 6.504(A). The court is required to "promptly examine" the motion and all files, records, transcripts, and correspondence relating to the judgment under attack. MCR 6.504(B)(1). If it is plainly apparent that the defendant is not entitled to relief, the court must deny the motion. MCR 6.504(B)(2). If the court does not dismiss the entire motion, it must order the prosecution "to file a response as provided in MCR 6.506, and shall conduct further proceedings as provided in MCR 6.505-6.508." MCR 6.504(B)(4).

The court, after reviewing the motion, response, record, and any record expansion, must then decide whether an evidentiary hearing is required. MCR 6.508(B). If it determines that a hearing is not required, the court may rule on the

motion for relief from judgment or afford the parties an opportunity for oral argument. *Id.* If the court decides that an evidentiary hearing is required, it shall schedule and conduct a hearing. MCR 6.508(C). [*Swain*, 288 Mich App at 629-630.]

"The defendant has the burden of establishing entitlement to the relief requested." MCR 6.508(D).

MCR 6.508(D) provides, in pertinent part, that a court may not grant relief if defendant's motion

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> * * *
>
> (*ii*) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
>
> * * *
>
> (*iv*) in the case of a challenge to the sentence, the sentence is invalid.
>
> The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

Defendant alleges no jurisdictional defects in this case; therefore, defendant was required to demonstrate (1) good cause for the failure to raise his challenge on direct appeal and (2) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3).

## 1. GOOD CAUSE

" 'Cause' for excusing procedural default is established by proving ineffective assistance of appellate counsel, pursuant to the standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), or by showing that some external factor prevented counsel from previously raising the issue." *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995). To establish that a defendant's appellate counsel provided ineffective assistance, a defendant must establish that his or her appellate counsel's performance fell below an objective standard of reasonableness and prejudiced his or her appeal. *People v Uphaus*, 278 Mich App 174, 186; 748

NW2d 899 (2008). "Prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted).

The record reflects that defendant moved to withdraw his pleas after his plea proceeding on the ground that they were involuntary because his trial counsel improperly pressured him. The trial court determined following an evidentiary hearing that defendant's motion lacked merit. Defendant appealed. Defendant's appellate counsel did not file another motion in the trial court to withdraw his pleas on the ground that the trial court failed to advise him regarding LEM in relation to his CSC-II pleas. On appeal, defendant argued that the trial court erred by denying his motion to withdraw his pleas and argued that the trial court should have permitted him to withdraw his CSC-II pleas because the trial court failed to advise him regarding LEM in relation to his CSC-II pleas. Defendant further appealed on the ground that his trial counsel and appellate counsel provided ineffective assistance by not objecting to the trial court's failure to advise him regarding LEM in relation to his CSC-II pleas and by not raising the LEM issue in the trial court.

This Court concluded that, as a consequence of not raising the LEM issue below, defendant procedurally defaulted on that issue and, therefore, could not raise the issue on appeal as directed under MCR 6.310(D). *Freese*, unpub op at 3, 4. Nevertheless, because the issue intersected with his claims of ineffective assistance by both his trial counsel and appellate counsel, this Court specifically addressed whether the trial court's failure to reiterate the LEM requirement related to his CSC-II convictions and found that, under the circumstances presented in this case, the trial court's conduct constituted harmless error. This Court ruled:

> In the instant case, as noted, the trial court advised defendant in connection with each of his five charges that resulted in convictions of [CSC-I] that he faced lifetime monitoring. Although the court overlooked that aspect in connection with defendant's two no-contest pleas to charges of [CSC-II], the court's having addressed the matter in connection with the five charges that resulted in conviction of [CSC-I] rendered its oversight harmless error, and kept the plea proceeding as a whole in substantial compliance with the requirements of MCR 6.302(B)(2). Thus, failure of either trial or post-trial counsel to preserve a claim of error did not result in prejudice to defendant. [*Id*. unpub op, 5-6.]

This Court, therefore, determined that defendant failed to establish that either his trial counsel or his appellate counsel provided him ineffective assistance in this regard. Because the trial court's error was harmless, defendant lacked entitlement to relief.

In the context of this appeal, defendant cannot establish good cause respecting the trial court's conduct which this Court has already determined constituted harmless error that did not warrant relief. We find defendant's arguments in this appeal unpersuasive.

## 2. ACTUAL PREJUDICE

The requirement of "actual prejudice" for obtaining postjudgment relief "is similar to the prejudice standard in an ineffective-assistance-of-counsel claim." *Swain*, 288 Mich App at 638.

"Actual prejudice" is established under MCR 6.508(D)(3)(b)(*ii*) when "the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." This Court has held that "[s]trict compliance with MCR 6.302 is not essential; rather, our Supreme Court has adopted a doctrine of substantial compliance, holding that whether a particular departure from [MCR 6.302] justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance." *People v Plumaj*, 284 Mich App 645, 649; 773 NW2d 763, 766 (2009) (quotation marks and citations omitted).

As discussed previously, this Court determined that the trial court substantially complied with the requirements of MCR 6.302(B)(2) and that defendant failed to establish that his pleas were involuntary or that his counsel provided him ineffective assistance in relation to the trial court's failure to reiterate the LEM requirement for the CSC-II convictions. Defendant, therefore, cannot establish that his pleas were involuntary to a degree that it would be manifestly unjust to allow his convictions to stand, nor can he establish that his CSC-II sentences were invalid because of the imposition of the statutory mandatory LEM requirement. Accordingly, defendant cannot establish the requisite prejudice necessary to warrant relief from judgment and the trial court did not err by denying his motion.

We affirm the trial court's order denying defendant's motion for relief from judgment and remand to the trial court with instructions to correct the judgment of sentence respecting the imposition of LEM for the CSC-I convictions. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Mark T. Boonstra