*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHAD ROBERT BRUINING,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2025
8:52 AM

No. 367023
Kent Circuit Court
LC No. 21-005525-FC

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for (1) first-degree murder, MCL 750.316(1)(a); and (2) second-degree arson, MCL 750.73(1). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to serve concurrent sentences of (1) life without the possibility of parole and (2) 15 to 30 years in prison respectively. We affirm.

## I. FACTS

At a status conference held about one year before trial, the prosecutor offered defendant a 25-year minimum sentence and dismissal of the supplemental information charging defendant as a fourth-offense habitual offender in exchange for defendant's plea to second-degree murder and second-degree arson. Defendant rejected the plea agreement. At the final status conference about a month before trial, the prosecutor extended the same offer. The conference ended without entering a plea, and the parties proceeded to trial.

The prosecutor extended the plea offer a third time on the first day of defendant's trial, adding that the trial court would be willing to enter a *Cobbs*[1] agreement in which the trial court would set defendant's maximum sentence at 30 years. After approximately thirty minutes of discussion between the trial court, defendant, and defense counsel, the prosecutor gave defendant five minutes to decide and enter a plea or the offer would be withdrawn. Defendant and his

---

[1] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

attorneys conferred, and defense counsel reported that "it looks like we're going to have a trial," to which defendant stated, "I didn't say that." In response, defense counsel requested that the trial court provide one additional opportunity for defendant to decide. The trial court stated, "[Y]ou have one minute before the offer's not there anyway and the decision would be made for you." After exchanges between the trial court, defense counsel, the prosecutor, and defendant, the defendant said, "I guess I'm taking the plea deal." The trial court attempted to swear in defendant by instructing defendant to stand and raise his right hand. After the trial court, both defense attorneys, and a deputy repeatedly instructed the handcuffed defendant to raise his hand as best he could, defendant protested, "I just don't feel comfortable," and "I don't even know what's going on today." The time set by the prosecution expired without defendant complying with the trial court's instruction. Recognizing that the offer had expired, the trial court stated: "Time's up anyway. Time's up. I know it's not an easy decision." The parties proceeded to trial. Defendant was convicted and sentenced, as stated earlier. Defendant now appeals.

## II. PLEA COLLOQUY

Defendant first argues that the trial court erred by failing to engage in a plea colloquy and accept defendant's guilty plea when defendant stated his express desire to plead guilty multiple times. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Defendant preserved this issue by raising it in his trial-court motion to vacate his convictions and reinstate the plea offer. See *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012). We review for an abuse of discretion a trial judge's decision to accept or reject a plea. *People v Plumaj*, 284 Mich App 645, 648; 773 NW2d 763 (2009). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007). We review de novo a trial court's interpretation and application of court rules. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

### B. ANALYSIS

The prosecutor holds the "constitutional authority to determine the charge or charges a defendant will face," and a trial court may not usurp this authority by accepting a plea over the prosecutor's objections. *People v Smith*, 502 Mich 624, 646; 918 NW2d 718 (2018) (quotation marks and citation omitted). See also *People ex rel. Leonard v Papp*, 386 Mich 672, 684; 194 NW2d 693 (1972) ("For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers"). A defendant "has the ultimate authority to determine whether to plead guilty . . . ." *Florida v Nixon*, 543 US 175, 187; 125 S Ct 551; 160 L Ed 2d 565 (2004) (quotation marks and citations omitted). There is, however, "no absolute right to have a guilty plea *accepted*," and "[a] court may reject a plea in exercise of sound judicial discretion." *Santobello v New York*, 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971) (emphasis added). A trial court may not accept a plea to a lesser charge "without the consent of the prosecutor." MCR 6.301(D). Absent prejudice to a defendant, a prosecutor may revoke a plea offer until the time it is accepted by the trial court. *People v Heiler*, 79 Mich App 714, 722; 262

NW2d 890 (1977). Prejudice may arise when a defendant acted in reliance on the plea agreement in a way that prejudiced his defense, such as by making inculpatory statements to police in reliance on the terms of the agreement. *Id*. at 721.

In this case, on the morning of trial, the prosecutor offered defendant the same plea that had been available for almost one year—for the third time—and gave defendant a five-minute deadline to accept the offer and enter a plea. The prosecutor made it clear that if defendant did not accept the plea offer in the allotted time, it would be withdrawn.[2] In addition, the prosecutor confirmed that the trial court would be willing to enter a *Cobbs* agreement, in which the court would set the maximum sentence at 30 years. Defendant did not accept the plea before the time limit expired; therefore, the prosecutor's final offer lapsed. There is no evidence that defendant acted in reliance on the plea offer in a way that would prejudice his defense, and defendant has not claimed so. See *id*.

Defendant further argues that the trial court abused its discretion by refusing to engage in a plea colloquy as MCR 6.302 requires. The record shows, however, that the trial court attempted to initiate the plea colloquy by instructing defendant to stand and raise his right hand, but defendant remained uncertain, and the prosecutor's time limit expired before defendant complied.[3] Because the prosecutor's offer expired, the trial court could not usurp the prosecutor's constitutional authority by reinstating the offer without the prosecutor's consent. See MCR 6.301(D); *Smith*, 502 Mich at 646; *Heiler*, 79 Mich App at 722. Without the option to accept the offer, it was not an abuse of discretion for the trial court to call an end to the discussions that were only resulting in defendant's ongoing vacillation and, accordingly, to forgo the plea colloquy. See MCR 6.302(A).[4]

---

[2] The dissent posits that the acceptance of the plea and completion of the plea colloquy had to be completed—but likely could not be finished—within the five minutes that the prosecutor allotted, but there is nothing in the record to support the proposition that the entire plea colloquy needed to be completed within the allotted five minutes. The trial court's determination that defendant did not enter a valid, timely plea was supported by the record, and defendant's refusal to raise his hand or otherwise participate in the plea-taking process was further evidence that he was equivocal regarding acceptance of the plea.

[3] Again, the trial court, the bailiff, and both defense counsels repeatedly asked defendant to raise his right hand, all to no avail.

[4] The dissent focuses on the virtual impossibility of completing the plea taking within the five minutes set by the prosecutor, but had defendant raised his hand and been sworn in, it appears that the plea would have gone forward even after the five-minute deadline ended. Nonetheless, defendant's equivocal statements such as "I'm scared," "I don't understand why I've been charged," "I guess I'm taking the plea deal," "I just don't feel comfortable," "For something I didn't do, I'm just like are you kidding me," "I don't even know what's going on today," "I don't want to spend the rest of my life for something I didn't do" and the like on the morning of trial evidenced defendant's lack of desire to knowingly and voluntarily accept the plea offer. These

## III. INEFFECTIVE ASSISTANCE

Defendant further argues that he was deprived the effective assistance of counsel when defense counsel stated that defendant would proceed to trial despite defendant's express desire to enter a guilty plea. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Defendant preserved this issue by raising it in his trial-court motion to vacate his convictions and reinstate the plea offer as well as in his appellate motion to remand for an evidentiary hearing. See *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). When, as here, a defendant's motion to remand for an evidentiary hearing is denied, "our review is for errors apparent on the record." *Abcumby-Blair*, 335 Mich App at 227.

## B. ANALYSIS

In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court established a two-prong test that a defendant must meet to prove that his or her counsel's assistance was so defective as to require a new trial. The test is as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. [*Id.*]

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

The right to effective assistance of counsel applies equally in the plea-bargaining process as at trial. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v*

---

statements by the defendant are completely inconsistent with the requirements of MCR 6.302 (A) which provides:

"Plea Requirements. The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate. Before accepting a plea of guilty or nolo contendere, the court must place the defendant or defendants under oath and personally carry out subrules (B) – (E)."

The defendant's continual equivocation and assertion of actual innocence were inconsistent with the trial court being able to accept a plea.

*Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). To satisfy the *Strickland* prejudice requirement at the plea-bargaining stage, "the 'defendant must show the outcome of the plea process would have been different with competent advice.' " *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163. More specifically, in cases where the alleged prejudice resulting from counsel's ineffectiveness is that the defendant rejected a plea offer and went to trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler*, 566 US at 164; see *Douglas*, 496 Mich at 592.]

In contrast to cases where a defendant accepts or rejects a plea having received potentially ineffective assistance, there are cases where counsel overrides a defendant's plea decision. See *McCoy v Louisiana*, 584 US 414, 420-422; 138 S Ct 1500; 200 L Ed 2d 821 (2018). Although counsel is responsible for trial management, decisions such as whether to plead guilty or assert innocence are reserved for the defendant because "they are choices about what the [defendant's] objectives in fact *are*." *Id*. at 422. When a defendant "expressly asserts" the objective of his defense, counsel may not override the defendant's decision. *Id*. at 423. When counsel has overridden a decision within the sole control of a defendant, the *Strickland* standard for ineffective assistance of counsel requiring that a defendant show prejudice does not apply. *Id*. at 426-427. Such errors instead warrant relief without the need for a defendant to show prejudice. See *id*. at 426-428.

On appeal, defendant argues that the *McCoy* approach applies to this case because defense counsel nformed the trial court that defendant would proceed to trial over defendant's express desire to plead. We disagree and conclude that this case resembles *Douglas* more so than *McCoy*. See *McCoy* 584 US at 422-428; *Douglas*, 496 Mich at 592. Although defendant had plenty of chances to accept the plea, his prolonged indecision is what led him to stand trial, not any actions of defense counsel.

In this case, defendant failed to accept a plea offer before the prosecutor's offer deadline and as a result stood trial. Defendant alleges that counsel rendered ineffective assistance by stating that defendant would proceed to trial. Assuming without deciding that defense counsel's statements "fell below an objective standard of reasonableness," defendant cannot show that "but for" counsel's statement, "there is a reasonable probability" that: (1) "defendant would have accepted the plea," (2) "the prosecution would not have withdrawn [the plea] in light of intervening circumstances," and (3) "the court would have accepted [the plea's] terms . . . ." *Douglas*, 496 Mich at 592 (quotation marks and citation omitted).

First, defendant cannot show that absent defense counsel's statements, there is a reasonable probability that defendant would have accepted the offer in time or at all. See *id*. Defendant continued to disagree with the charges, to say that he did not understand the situation that he was in, and to assert his innocence. Defendant also cannot show that there is a reasonable probability that absent defense counsel's statements, the prosecution would not have withdrawn the offer and

that the trial court would have accepted the offer. See *id*. The prosecutor did in fact withdrew the offer—not due to defense counsel's statements, but because the time limit had expired—and the trial court could not accept a plea agreement without the prosecution's consent. See MCR 6.301(D); *Smith*, 502 Mich at 646; *Heiler*, 79 Mich App at 722.

As stated, "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Solmonson*, 261 Mich App at 663. Defendant has failed to meet his "heavy burden," *id*., because defendant cannot show that "the outcome of the plea process would have been different with competent advice," *Douglas*, 496 Mich at 592 (quotation marks and citation omitted). For the foregoing reasons, defendant has failed to demonstrate that he was deprived of effective assistance of counsel.

Affirmed.

/s/ James Robert Redford
/s/ Kathleen A. Feeney

-6-